377 So.2d 824 (1979)
William Lewis LAWLEY, Appellant,
v.
STATE of Florida, Appellee.
No. MM-246.
District Court of Appeal of Florida, First District.
December 14, 1979.
Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was found guilty by a jury on two counts of possession of controlled substances. At 10 a.m. on December 15, 1978, the trial judge heard and denied appellant's motion for a new trial. Appellant appeared at 2 p.m. the same day for sentencing but a judge other than the trial judge pronounced sentence. The sentencing judge stated she had read the presentence investigation report and had discussed the case with the trial judge. Her reason for passing sentence was that she was going to sentence appellant the same day for other convictions. The trial judge was not unavailable to pass sentence.
The sentencing judge did not act improperly insofar as the basis she used in determining a proper sentence. Castor v. State, 351 So.2d 375 (Fla.1st DCA 1977). Nevertheless, there was no justification for anyone other than the trial judge to impose a sentence.
Rule 3.700(c), Florida Rules of Criminal Procedure, provides for sentencing by a judge other than the one who heard the trial "[i]n those cases where it is necessary *825 that sentence be pronounced by a judge other than the judge who presided at trial... ." (Emphasis supplied.) The committee states that the rule "makes provision for emergency situations where [the trial] judge is unavailable." (Emphasis supplied.) No emergency or necessity was shown in this case. Mere convenience does not justify a practice that departs from the well recognized assumption that sentencing is an individualized procedure.
Section 5.1(a) of the American Bar Association Standards Relating to Sentencing Alternatives and Procedures states that "the judge who presided at trial should impose the sentence unless there are compelling reasons in a specific case to provide otherwise." Commentary to the subsection delineates its rationale:
The reason for such a provision should be obvious. A sentencing decision by the same man will avoid the need to familiarize another with the events of the trial. In addition, the opportunity to observe the defendant, particularly if he chose to take the stand in his defense, can often provide useful insights into an appropriate disposition.
There is no evidence that appellant was prejudiced by the procedure followed, but that is not the point. A judge other than the trial judge should not exercise discretion as to sentencing absent an emergency that necessitates such a variance from the normal practice.
We reverse and remand for resentencing by the trial judge.
McCORD, LARRY G. SMITH and SHIVERS, JJ., concur.