532 So.2d 89 (1988)
James Edward DAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0971.
District Court of Appeal of Florida, Fourth District.
October 19, 1988.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
*90 GUNTHER, Judge.
Defendant appeals his resentencing conducted on remand pursuant to this court's opinion in Dawson v. State, 491 So.2d 310 (Fla. 4th DCA 1986). At resentencing, an incorrectly calculated scoresheet led the trial judge to mistakenly believe that the defendant's guideline sentence range was life in prison. However, the correct guideline sentence range was actually 27-40 years in prison. Although the trial judge used an improperly prepared scoresheet, he sentenced the defendant to 35 years in prison which is still within the recommended guideline sentence.
The trial court must have the benefit of a properly prepared scoresheet before it can make a fully informed decision on whether to depart from the recommended guideline sentence. Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986). Since the trial judge might have imposed a different sentence had he had the benefit of a corrected scoresheet, defendant's sentence must be vacated. On remand, the trial judge may resentence defendant to 35 years in prison since such a sentence is within the recommended guideline range. Accordingly, we vacate the sentence and remand for resentencing under a corrected guideline scoresheet.
VACATED AND REMANDED.
HERSEY, C.J., and STONE, J., concur.