569 So.2d 1368 (1990)
Douglas WILLIAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0997.
District Court of Appeal of Florida, Fourth District.
November 14, 1990.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant/Defendant/Douglas Williamson (Williamson) appeals the trial court's sentence after entering guilty pleas to charges of driving with an unlawful blood alcohol level causing serious bodily injury, driving with an unlawful blood alcohol level causing injury to a person, driving with an unlawful blood alcohol level causing property damage, and driving while license suspended. We affirm Williamson's second and third points on appeal, but reverse as to Williamson's first, fourth, fifth, and sixth points on appeal.
Both parties agree that the trial court erred in sentencing Williamson to terms in excess of the maximum legal sentence for the crime of driving with an unlawful blood alcohol level causing serious bodily injury (counts II, IV, and VI of the information). Appellant was sentenced concurrently to 5 years incarceration followed by 3 years probation on counts II and IV, and consecutively to 4 years in prison followed by 3 years probation for count VI. Driving with an unlawful blood alcohol level causing serious bodily injury is a third degree felony punishable by a maximum term of 5 years. Sections 316.193(3)(a), (b), (c)(2) and 775.082(3)(d), Florida Statutes. Therefore, the sentences for count II and count IV must be reduced to 5 years in prison for each count, to run concurrent, and the sentence for count VI must be reduced to 4 years incarceration and 1 year probation. See Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979). Additionally, Williamson was placed on probation for 1 year on count XXXII for driving while license suspended or revoked, a second-degree misdemeanor with a maximum penalty of 6 months. Section 322.34, Florida Statutes. Therefore, Appellant's sentence of one year probation for violation of count XXXII should be reduced to six months probation.
*1369 At the sentencing hearing the court ordered Williamson to attend NA and AA meetings three times a week "until that evaluation is done by the Probation Department," and to submit to "random urinalysis." However, special condition 14 of Williamson's order of probation states that Williamson is to "attend NA meetings 3x week" and special condition 5 states that Williamson must "submit to urinalysis, blood tests, physical searches by or on demand of probation officer." Both parties agree that when a written order of probation deviates from the oral pronouncement of probation at the sentencing hearing, the oral pronouncement controls. See Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982). Therefore, upon remand, the trial court is instructed to amend the written order of probation to conform to the special conditions of probation originally pronounced in open court.
Both parties further agree that the judgment must be corrected to reflect that Williamson pled guilty to counts II, IV, and VI (driving with unlawful blood alcohol level causing serious bodily injury), a third degree felony, rather than a second-degree felony. Section 316.193(3)(a), (b), (c)(2), Florida Statutes.
Finally, Williamson was ordered in the order of probation to pay $20.00 "victim costs" on all counts, $5.00 "assessment" on all counts, and $20.00 "victim costs" pursuant to section 939.015, Florida Statutes. Williamson claims, and the state agrees that the $20.00 "victim costs" pursuant to section 939.015 were imposed without giving Williamson adequate notice and an opportunity to be heard, and that the remaining costs were never ordered by the trial court at the sentencing hearing. Because a defendant is entitled to adequate notice and an opportunity to be heard prior to the imposition of costs, Rowe v. State, 558 So.2d 174 (Fla. 5th DCA 1990), we remand for reimposition of costs after Williamson is afforded adequate notice and an opportunity to be heard.
Accordingly, we reverse and remand the instant case to the trial court to reduce Williamson's probation on counts II, IV, VI, and XXXII; to correct the order of probation to reflect that Williamson must attend NA and AA meetings only until the drug and alcohol evaluation is done by the Probation Department and that Williamson must only submit to urinalysis; to correct the judgment to reflect that driving with unlawful blood alcohol level causing serious injury is a third degree felony, rather than a second degree felony; and to reimpose costs after Williamson is afforded adequate notice and an opportunity to be heard.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
WALDEN and GUNTHER, JJ., concur.
DELL, J., concurs in conclusion only without opinion.