The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Steve LITTLE, Defendant–Appellant.

No. 89CA1386.

Colorado Court of Appeals,
Div. I.

March 14, 1991.

Rehearing Denied April 18, 1991.

Certiorari Denied July 29, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, William S. Schurman, Deputy State Public Defender, Steamboat Springs, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

The defendant, Steve Little, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree burglary and theft and also challenges the propriety of the sentencing procedure. We affirm in part and remand with directions.

The prosecution's evidence indicated that, a few days after a burglary, defendant pawned two guns identified as having been taken in the burglary. The charges here at issue followed.

I.

The defendant argues that the instruction on possession of recently stolen goods, given to the jury, created a mandatory presumption in violation of his due process rights. We disagree.

■ The due process clause of the Fourteenth Amendment protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the criminal charge. The state has the burden of proving every element of the offense charged beyond a reasonable doubt, and it may not shift the burden of proof to the defendant by a presumption. A mandatory presumption which relieves the state of the burden of persuasion on an element of the offense violates the due process clause. *See Jolly v. People,* 742 P.2d 891 (Colo.1987).

The instruction given to the jury was identical to the recommended instruction set forth in *Wells v. People,* 197 Colo. 350, 592 P.2d 1321 (1979). It was specifically drafted so as to create a permissive inference and protect a defendant's due process rights. Nonetheless, the defendant asserts that under *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), decided subsequent to *Wells v. People, supra,* the instruction created a mandatory presumption and, therefore, violated his due process rights. We do not so read the instruction.

In *Francis v. Franklin, supra,* the court stated:

"A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion.

. . . .

"A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury."

In *Sandstrom v. Montana, supra,* the court explained that, whether an instruction creates a mandatory presumption or a permissive inference, "depends upon the way in which a reasonable juror could have interpreted the instruction."

Despite the use of the word "inference," throughout the instruction given in this case, the defendant argues that the instruction almost compels a verdict of guilt if the defendant's possession is found to have been exclusive, unexplained, and soon after the theft. Further, he contends that the following paragraph improperly shifts the burden to the defendant to explain the recent possession:

"Exclusive possession of property recently stolen in a burglary and theft, if not explained so to raise a reasonable doubt

as to the defendant's guilt, is ordinarily a circumstance from which the jury may draw an inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession participated in the burglary and theft."

We conclude that the inference created is permissive, not mandatory. The instruction tells the jury that it "may" draw an inference, that it is "permitted" to infer, and that:

"The defendant's possession of the recently stolen property does not shift the burden of proof. The burden of proof is always with the People to prove beyond a reasonable doubt every essential element of burglary and theft."

We note also that in *People v. Hampton,* 758 P.2d 1344 (Colo.1988), this instruction was again approved, after *Sandstrom v. Montana, supra* and *Francis v. Franklin, supra,* had been announced.

## II.

The defendant next contends that the sentence must be vacated because it was imposed by a different judge than the one who presided over the trial. He argues that "it was error for a judge, other than the trial judge to impose sentence when no disability or other reason was shown." We conclude that this matter requires further action by the trial court.

This situation is controlled by Crim.P. 25 which provides:

"If by reason of absence from the district, death, sickness, or other disability, the judge before whom the defendant was tried is unable to perform the duties to be performed by the court after a verdict or finding, any other judge regularly sitting in or assigned to the court may perform those duties...."

The record does not reflect the reason for substitution of a different judge for sentencing. The defendant urges us to interpret the rule so as to permit a substitution of judges only when an emergency or a situation beyond the control of the original judge is shown. He relies primari-

ly on ABA, *Standards for Criminal Justice*, Standard 18–6.1 (2d ed. 1980) which provides that the sentencing judge should be the judge who presided at trial unless compelling reasons dictate otherwise. He also relies on authority from other jurisdictions, which have interpreted their rule to allow substitution only if compelling reasons exist. *See Lawley v. State*, 377 So.2d 824 (Fla.App.1979); *State v. Bowen*, 12 Wash.App. 604, 531 P.2d 837 (1975); *U.S. v. Bowser*, 497 F.2d 1017 (4th Cir.1974).

■ Based on the language of Crim.P. 25, we decline to adopt the interpretation urged by the defendant. The rule states no requirement that there be a showing of an emergency or other situation beyond the control of the original judge and, absent such a requirement, we will not incorporate it by judicial interpretation. Accordingly, we hold that so long as a justifiable reason is shown, a substitution of judges is permitted.

■ However, there is no statement in the record of the reason for the substitution of a different judge for sentencing. Therefore, the cause is remanded for statement of the reason underlying the change in judge. If the reason is one of those specified in Crim.P. 25, the sentence is affirmed; if not, the sentence is vacated and the defendant shall be resentenced by the judge who presided over the trial.

The judgment of conviction is affirmed, and the cause is remanded for further proceedings in regard to the sentence imposed.

PIERCE, J., concurs.

DUBOFSKY, J., specially concurs.

Judge DUBOFSKY specially concurring.

I concur in the result reached by the majority but write separately to state that, on remand, defendant should be resentenced by the trial judge unless the evidence demonstrates there was a compelling reason for her not having done so initially.

3 ABA, *Standards for Criminal Justice*, Standard 18–6.1(a) (2d ed. 1980) states that:

"If guilt was determined after a trial, the judge who presided at the trial should impose the sentence unless there are *compelling reasons* in a specific case to provide otherwise." (emphasis added)
*See Lawley v. State*, 377 So.2d 824 (Fla. Dist.App.1979).

At the time of sentencing, the trial judge is better able than a replacement judge to place the crime in its factual and legal context. The trial judge knows the subtle and obvious mitigating or aggravating circumstances involved in the case. Furthermore, the trial judge has spent days, if not weeks, with the defendant. During that time, the judge develops a better understanding of the defendant and what punishment is best suited to him. *See 3 ABA, Standards for Criminal Justice*, Standard 18–6.1 (2d ed. 1980) (commentary).

I believe that integrating the verdict and sentence before a single judge is of great importance to our criminal justice system and that the lottery-like quality of bringing in judges, who are strangers to the case, and having them impose sentences, should, if possible, be avoided. *See Lawley v. State, supra.*

Mere convenience to the judiciary does not justify a practice that departs from the well-recognized assumption that sentencing is an individual procedure and the knowledge and experience that the sentencing judge has with the case is critical in imposing a just sentence. *See Lawley v. State, supra; United States v. Bakewell*, 430 F.2d 721 (5th Cir.1970), *cert. denied*, 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384 (1970); *United States v. Bowser*, 497 F.2d 1017 (4th Cir.1974).

I therefore concur in the remand of this case for a determination of the reasons for the sentencing by a replacement judge, but contrary to the majority, I would require resentencing by the trial judge unless a compelling reason for her absence at the initial sentencing is demonstrated.