PER CURIAM.
Appellant challenges his conviction and sentences for indecent assault, claiming that the court made several critical errors. We affirm on all issues. As to the claim that the court adjudicated appellant guilty of an offense which was not a lesser included offense of the charge in the information, we hold that appellant waived any error. See Armstrong v. State, 579 So.2d 734 (Fla.1991); Ray v. State, 403 So.2d 956 (Fla.1981). As to the admissibility of the testimony of the nurse practitioner regarding her examination of the child victim, the trial court did not abuse its discretion in admitting the testimony as the witness was qualified based on the criteria of Section 90.702, Florida Statutes (1989). We reject the contention that witness is disqualified by the failure to present a “protocol which identifies] the medical acts to be performed and the conditions for their performance.” Section 464.003(3)(c), Fla.Stat. (1989) (governing the qualifications of nurse practitioners).
Appellant also claims that the trial court erred when it refused to replace appellant’s privately retained counsel with appointed counsel at the sentencing hearing. After the guilty verdict, appellant desired to dismiss his attorney, citing his attorney’s failure to adequately represent him. In a later hearing the court refused to grant the motion to withdraw, citing the attorney’s excellent trial performance, particularly in securing appellant’s conviction on the lesser included offense instead of the main charge which carried with it a 25 year mandatory minimum sentence. Since the trial judge had observed the entire trial and the representation by appellant’s counsel, we cannot find that he did not make adequate inquiry. See Capehart v. State, 583 *454 So.2d 1009, 1014 (Fla.1991). “General loss of confidence or trust standing alone will not support withdrawal of counsel.” Johnston v. State, 497 So.2d 863, 868 (Fla.1986). We find no abuse of discretion in refusing to allow the defendant’s counsel to withdraw under these circumstances. To allow appellant to discharge his counsel at this late date in the proceedings without adequate ground would thwart the orderly administration of justice. See Boudreau v. Carlisle, 549 So.2d 1073 (Fla. 4th DCA1989).
We affirm the remaining points on appeal. We remand, however, to correct the order of probation which erroneously reflects that appellant entered a guilty plea to the offenses when in fact he was tried and convicted by a jury. See Jackson v. State, 586 So.2d 517 (Fla. 4th DCA1991).
DOWNEY, WARNER and FARMER, JJ., concur.