627 So.2d 542 (1993)
Jose L. MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02149.
District Court of Appeal of Florida, Second District.
November 17, 1993.
*543 James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
The appellant was found guilty at trial of burglary and grand theft and was placed on three years' probation. Over the appellant's objection, the trial court imposed a special condition of probation which requires that if the appellant is in the United States illegally he is to leave within ten days of his release from custody and remain outside of the United States for his probationary period. The appellant appeals his sentence arguing that the condition was not relevant to his rehabilitation. We agree and reverse.
In determining whether a condition of probation is reasonably related to rehabilitation, a condition is invalid if it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." Biller v. State, 618 So.2d 734 (Fla. 1993) (quoting Rodriguez v. State, 378 So.2d 7, 9 (Fla.2d DCA 1979)). Where a special condition of probation is challenged on relevancy grounds, it will only be upheld if the record supports at least one of the circumstances outlined in Rodriguez. 618 So.2d at 735.
Nothing in the instant record indicates that the condition requiring the appellant to leave the country is related to the offense of which he was convicted or to future criminality. And although entering the United States at a time or place other than as designated by immigration officers can constitute a crime, 8 U.S.C. § 1325, the record does not establish that the appellant's presence in the United States is in itself criminal.
Accordingly, we reverse the order placing the appellant on probation and remand with directions that the condition requiring him to leave the United States be deleted.
HALL, A.C.J., and BLUE, J., concur.