643 So.2d 701 (1994)
Jessie Lee MACK, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1518.
District Court of Appeal of Florida, First District.
October 17, 1994.
Nancy A. Daniels, Public Defender, Faye A. Boyce, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Public Defender, Office of the Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Jessie Lee Mack, appeals his conviction and sentence for possession of cocaine and driving with a suspended license. We affirm his conviction, but reverse and remand for resentencing because the record fails to show exigent or unusual circumstances, as required by Florida Rule of Criminal Procedure 3.700(c),[1] for a judge other than the one who presided at trial to impose sentence.
Because the trial judge became ill while the jury was deliberating, a replacement judge was appointed to receive the jury's verdict. At the sentencing hearing over a month later, the substitute judge presided. When appellant objected, the alternate judge did not state on the record why he, rather than the original judge, was pronouncing sentence. The record does not demonstrate that the replacement was based on necessity rather than mere convenience, which cannot justify sentencing by a substitute judge. Lawley v. State, 377 So.2d 824, 825 (Fla. 1st DCA 1979); Campbell v. State, 622 So.2d 603 (Fla. 2d DCA 1993). We remand, directing that the original judge who presided at trial impose sentence upon appellant, unless it is established on the record that he is unavailable under the rule.
*702 AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
BARFIELD and WEBSTER, JJ., concur.
NOTES
[1] That rule provides:

In those cases in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.
We find no error in regard to the judge's preparation for sentencing. Castor v. State, 351 So.2d 375 (Fla. 1st DCA 1977), aff'd, 365 So.2d 701 (Fla. 1978).