PER CURIAM.
Darrell V. Roundtree appeals from an order denying his Rule 3.850 motion for post-conviction relief without an evidentiary hearing, but with attachment of record excerpts. Three issues raised in appellant’s motion, jail time credit, restitution, and unannounced conditions of probation, have merit and warrant further consideration. We reverse and remand.
*1250 Appellant claims that he is entitled to additional credit for time served against his prison sentence on the grounds that he spent thirteen months and sixteen days in jail while waiting admission to the sheriffs drug program. His sentencing documents reflect a credit for only 252 days’ jail time. Since the attachments to the order denying relief do not refute appellant’s claim for additional credit, we remand for either an evidentiary hearing or attachment of additional record excerpts to the order demonstrating that the appellant did, in fact, receive the appropriate credit for time served.
Appellant also challenges the restitution issue maintaining that the new restitution amount was added as part of his latest sentence without a restitution hearing. There is nothing in the record to demonstrate that the appellant had notice or an opportunity to be heard before additional restitution was ordered. On remand, the trial court should either attach record excerpts to show that it had retained jurisdiction to enter the restitution order, or vacate the restitution provisions that were not in the original sentencing order.
Finally, as to the appellant’s position that his written probation order included additional conditions that were not orally pronounced, an allegation that is supported by the excerpts attached to the order denying relief, we hold that the written conditions of probation must conform with those which were orally pronounced. Williamson v. ■ State, 569 So.2d 1368 (Fla. 4th DCA 1990).
Reversed and remanded for evidentiary hearing or additional record excerpts, and correction of appellant’s sentence to conform with the court’s oral pronouncement.
DELL, KLEIN and SHAHOOD, JJ., concur.