GUNTHER, Chief Judge.
We affirm in all respects except one. Appellant is correct in his claim that if he did not receive credit against his prison term for the 41 days he spent in jail on his original offense that would entitle him to relief under rule 3.850, unless the record conclusively disproves his allegation. See Roundtree v. State, 661 So.2d 1249 (Fla. 4th DCA 1995). Because the record does not conclusively demonstrate that the appellant received credit for the time he spent in jail awaiting sentencing on his original offense, we reverse and remand to determine whether the appellant was credited with all the time he has served. Due to the appellant’s invocation of rule 3.850, this determination can be made either at an evidentiary hearing, or by attachment of record excerpts that conclusively disprove the appellant’s claim to the order denying relief. See Roundtree, 661 So.2d at 1250.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GLICKSTEIN and GROSS, JJ., concur.