683 So.2d 1093 (1996)
Aleno Santana MADRIGAL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0128.
District Court of Appeal of Florida, Fourth District.
November 20, 1996.
*1094 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse appellant's sentence, and remand with direction.
The trial court entered judgment upon appellant's nolo contendere plea to aggravated assault on a law enforcement officer without a firearm (Counts I and II), carrying a concealed firearm (Count III), improper exhibition of a weapon (Count IV) and discharging a firearm in public (Count V). There was no plea agreement regarding the sentence to be imposed. On Counts I, II and III, appellant was sentenced to 72 months imprisonment, to be followed by 16 months of administrative/non-reporting probation.[1] On Counts IV and V, appellant was sentenced to time served. Each sentence was to be served concurrently with the others. The order of probation ordered appellant, who apparently was an illegal alien, to remain outside the United States and indicated that being in the United States and particularly Saint Lucie County shall be a violation of probation.
First, a 1.5 "law enforcement officer" enhancement multiplier was applied to appellant's sentencing points, thereby increasing his points from 65.6 to 98.4. The state concedes that use of this enhancement factor was error. Rule 3.703(d)(22), which provides for such enhancement for aggravated assault on a law enforcement officer, is applicable only to offenses committed on or after October 1, 1995, and appellant's offense was committed on March 27, 1995. See Fla. R.Crim.P. 3.703(d)(22) (1995) (providing for 1.5 enhancement multiplier for violation of section 775.0823(10), Florida Statutes, occurring after October 1, 1995which statute encompasses aggravated assault on law enforcement officer); cf. Fla.R.Crim.P. 3.702(d)(14) (1995) (which does not provide enhancement multiplier for violation of section 775.0823(10)). Accordingly, it was error to enhance appellant's points by the 1.5 multiplier and appellant is entitled to be resentenced upon a properly calculated guidelines scoresheet. See Cochran v. State, 592 So.2d 784 (Fla. 4th DCA 1992); Erickson v. State, 565 So.2d 328 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 286 (Fla.1991); Dawson v. State, 532 So.2d 89 (Fla. 4th DCA 1988).
Erroneously using the 1.5 multiplier placed appellant in a sentencing range of 52.8 months to 88.0 months state imprisonment, with a recommended sentence of 70.4 months *1095 imprisonment. Without the 1.5 multiplier, appellant's 65.6 points placed him in a sentencing range of 28.2 months to 47.0 months state imprisonment, with a recommended sentence of 37.6 months imprisonment. Thus, sentencing appellant to 72 months imprisonment constituted an illegal departure sentence, for which the trial court did not give written reasons. Because it appears that the trial court was not aware that it was imposing an upward departure sentence, the trial court upon remand may consider a departure sentence if proper written reasons are given. See Housen v. State, 639 So.2d 194 (Fla. 4th DCA 1994).
Second, carrying a concealed firearm (Count III) is a third degree felony which carries a statutory maximum penalty of five years imprisonment. See §§ 790.01(2) & 775.082(3)(d), Fla.Stat. (1995). Accordingly, the combined period of incarceration and probation for this offense was required to fall within the five year statutory maximum. See State v. Holmes, 360 So.2d 380, 383 (Fla. 1978), holding limited on other grounds by State v. Summers, 642 So.2d 742 (Fla.1994). The state concedes that appellant was erroneously sentenced on Count III to 72 months incarceration to be followed by 16 months probation. Absent any other error, this error would require reversal and remand for the trial court to reduce appellant's sentence on Count III to five years incarceration. See Williamson v. State, 569 So.2d 1368 (Fla. 4th DCA 1990); Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979) ("the sentence is legal so far as it is within the provisions of the statute and only void as to the excess"). However, because Count III was affected by the scoresheet error discussed above, appellant should be resentenced in accordance with the corrected guidelines scoresheet, which provides a maximum sentence of 47.0 months, unless the trial court provides written reasons for departure.
Third, the state concedes that under the rule announced by the supreme court in Biller v. State, 618 So.2d 734 (Fla.1993), the trial court improperly imposed the special condition that appellant remain outside the United States. As the Biller court explained, a special condition of probation is invalid "if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." Id. at 734-35. A special condition of probation that is challenged on relevancy grounds will be upheld only if one of these circumstances is supported by the record. Id. at 735. A probation condition similar to that imposed in the instant case was stricken by the Second District Court of Appeal in Martinez v. State, 627 So.2d 542 (Fla. 2d DCA 1993), as not meeting the Biller requirements.
In the immediate case, there is no real dispute that the challenged condition does not relate to the offenses on which appellant was convicted or to future criminality. Although the trial court stated that the PSI report indicated that appellant was an illegal alien, the PSI report is not included in the record on appeal. Furthermore, there was no determination or statement by the trial court as to whether appellant was in this country illegally or whether he is deportable, assuming arguendo that the trial court had authority to make such determinations. The situation presented by this case is similar to that in Martinez wherein our companion court explained, "although entering the United States at a time or place other than as designated by immigration officers can constitute a crime, 8 U.S.C. Sec. 1325, the record does not establish that the [defendant's] presence in the United States is in itself criminal." 627 So.2d at 543.
Additionally, as appellant points out, the definitional section of 948.001 provides: "`Administrative probation' means a form of noncontact supervision in which an offender who presents a low risk of harm to the community may, upon satisfactory completion of half the term of probation, be placed by the Department of Corrections on nonreporting status until expiration of the term of supervision." § 948.001(1), Fla.Stat. (1995). Section 948.01(12), Florida Statutes (1995), provides: "The court may also impose split probation whereby, upon satisfactory completion of half the term of probation, the Department of Corrections may place the offender *1096 on administrative probation as defined in s. 948.001 for the remainder of the term of supervision."
The trial court placed appellant on administrative probation so that appellant would not have to be present to be supervised. Pursuant to the above statute subsections, the trial court could impose such a split probation term upon appellant, but had no authority to impose administrative probation from the beginning of the probationary period. Therefore, as appellant asserts, the trial court erred in this respect also.
Accordingly, appellant's probation order is reversed and the challenged special condition is to be stricken on remand. If probation is ordered upon resentencing of appellant, the trial court may not order administrative probation from the beginning of the probationary period, which it is unlikely to desire anyway if it may not order appellant to stay outside of the United States.
Fourth, the state concedes error on the basis that the written sentencing orders must conform to the trial court's oral pronouncements at the sentencing hearing. See, e.g., Thomas v. State, 595 So.2d 287 (Fla. 4th DCA 1992); Williamson, 569 So.2d at 1369. At the sentencing hearing, the trial court ordered that appellant receive credit for 262 days time served. This is reflected in the written sentence, but the probation order erroneously reflects that appellant be given credit for only 234 days time served. Upon remand the probation order must be corrected to reflect that appellant be given credit for 262 days time served. The trial court also ordered that $129 in costs to the county be reduced to a civil lien. However, this $129 in costs was then included as part of the written sentence. Therefore, on remand the trial court is to strike that portion of the written sentence which requires that appellant pay this cost as part of his sentence.
Finally, appellant claims error because the sentencing judge was not the same judge who presided at appellant's plea hearing. Rule 3.700(c)(1), Florida Rules of Criminal Procedure, provides:
In any case, other than a capital case, in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.

(Emphasis added). The Committee Notes indicate that this section "was added to emphasize that the sentencing procedure should be conducted by the trial judge or the judge taking the plea. The rule makes provision for emergency situations when such judge is unavailable." (Emphasis added).
In the instant case, the transcript of the sentencing hearing reveals that the PSI report was considered by the sentencing judge, who also heard argument of counsel and the testimony of one of the eye-witness police officers regarding the incident that transpired. The sentencing judge was also briefed by counsel regarding appellant's plea. This was sufficient to satisfy the rule with respect to the sentencing judge's duty. Compare Davis v. State, 677 So.2d 1366, 1368 (Fla. 4th DCA 1996) (sufficient where successor sentencing judge reviewed PSI, heard testimony of counselor and mother and argument from both parties), and Spencer v. State, 611 So.2d 16 (Fla. 3d DCA 1992) (would be sufficient if successor sentencing judge reviews PSI report and those record portions deemed pertinent), and Castor v. State, 351 So.2d 375 (Fla. 1st DCA 1977) (sufficient for substitute sentencing judge to consider jury's verdict of guilt, PSI report, and prosecutor's description of offense), aff'd, 365 So.2d 701, 703 n. 4 (Fla.1978), and Lawley v. State, 377 So.2d 824 (Fla. 1st DCA 1979) (sufficient for substitute sentencing judge to read PSI and discuss case with judge who presided at trial), with Caplinger v. State, 271 So.2d 780 (Fla. 3d DCA 1973) (insufficient where successor sentencing judge did not use PSI or record, but relied solely on counsel's statements to become familiar with facts of case).
However, where a defendant is sentenced by a judge other than the one that presided at the trial or plea hearing, case law establishes that, even without a showing of prejudice to the defendant, reversible error *1097 occurs where the record does not show that such substitution of judges was "necessary" or dictated by an "emergency." See Mack v. State, 643 So.2d 701 (Fla. 1st DCA 1994); Lawley, 377 So.2d at 824-25. Mere convenience is not a sufficient justification to permit a substitute judge to sentence a defendant. Mack, 643 So.2d at 701; Lawley, 377 So.2d at 825. In the instant case, the record does not show that any necessity or emergency situation justified the substitution of judges for sentencing.
Nonetheless, the error occasioned here was not preserved for appeal. See Davis, 677 So.2d at 1368 (failure to object to successor judge at sentencing precludes appellate review). Therefore, reversal on this ground is not warranted. However, since appellant must be resentenced due to the errors discussed above, the error occasioned here should be avoided by requiring that appellant be resentenced by the judge who accepted his plea, unless the record shows that circumstances necessitate a substitute sentencing judge. See Mack, 643 So.2d at 701; Lawley, 377 So.2d at 825.
GUNTHER, C.J., and GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Although appellant's written sentence on Count III does not reflect the 16 months probation provision, the parties agree that this was part of the sentence for Count III, this is what is reflected in the probation order and this seems to be what was indicated at the oral pronouncement of sentence.