SHAHOOD, Judge.
We affirm appellant’s conviction for aggravated assault on a law enforcement officer, but remand with directions that ministerial errors in the orders of community control and probation be corrected. However, we write briefly to address appellant’s argument regarding the constitutionality of section 948.01(13)(a), Florida Statutes.
First, appellee concedes, and we agree, that this case must be remanded because the orders of community control and probation incorrectly reflect that appellant entered a plea to the offense, when in fact appellant was tried and convicted by a jury. Beatty v. State, 606 So.2d 453 (Fla. 4th DCA 1992).
Second, the order of probation incorrectly reflects that as special conditions of probation appellant was to serve 90 days in the county jail and to participate in an outpatient psychological program. These special conditions were orally imposed as conditions of community control and not as conditions of probation. Such conditions are properly reflected in the separate order of community control. Accordingly, these special conditions contained in the order of probation must be stricken as they were not orally pronounced. When a written order of probation deviates from the oral pronouncement of probation at the sentencing hearing, the oral pronouncement controls. Williamson v. State, 569 So.2d 1368 (Fla. 4th DCA 1990).
In addition, appellant argues that section 948.01(13)(a), Florida Statutes (1993), is unconstitutional on its face as it constitutes an unlawful delegation of legislative authority to an administrative agency. We reject that argument based on this court’s recent decision in Tory v. State, No. 94-2085, — So.2d — (Fla. 4th DCA Dec. 26, 1996), which found the statute in question to be constitutional.
Affirmed; remanded with directions.
KLEIN and STEVENSON, JJ., concur.