FULMER, Judge,
dissenting.
I respectfully dissent. In this appeal, Raymond Adams, Sr., argues that it was error for a successor judge to resentence him on two remaining counts of kidnapping after this court reversed his conviction for the third count. Because I conclude that the law requires resentencing by the trial judge, I would reverse.
Florida Rule of Criminal Procedure 3.700(c)(1) provides:
In any case, other than a capital case, in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.
The committee note to this rule states that “[subdivision (c) was added to emphasize that the sentencing procedure should be conducted by the trial judge or the judge taking the plea. The rule makes provision for emergency situations when such judge is unavailable.”
This rule has been uniformly construed to mean that, even without a showing of prejudice, where a defendant is sentenced by a judge other than the one who presided at the trial or plea, reversible error occurs where the record does not show that such substitution of judges was “necessary” or dictated by an “emergency.” See Madrigal v. State, 683 So.2d 1093 (Fla. 4th DCA 1996); Campbell v. State 622 So.2d 603 (Fla. 2d DCA 1993); Lawley v. State, 377 So.2d 824 (Fla. 1st DCA 1979). Furthermore, each of the districts addressing this rule has adopted the view announced in Lawley that “mere convenience does not justify a practice that departs from the well recognized assumption that sentencing is an individualized procedure.” 377 So.2d at 824. The state does not challenge the fact that this rule is applicable to resentencings as well as original sentencings. See Spencer v. State, 611 So.2d 16 (Fla. 3d DCA 1992).
In the case before us, the record reflects that this court reversed one of the defendant’s convictions on speedy trial grounds and directed that he be discharged on that count and resentenced on the two remaining convictions. At the beginning of the resentencing hearing, defense counsel advised the judge that the defendant objected to being sentenced by a judge other than the trial judge. There was no discussion regarding why the trial judge was not conducting the resentencing and, therefore, no showing that it was necessary for a successor judge to preside. However, the record on appeal was supplemented with an affidavit of the trial judge in which *603 he stated, ‘Your Affiant, who was no longer assigned to the Circuit Criminal Division, deferred the re-sentencing to the then-sitting Division M Judge, the Honorable Brandt C. Downy, who re-sentenced Mr. Adams, Sr., on December 14, 1995.”
The question that is raised by this appeal is whether, a division reassignment creates an emergency or a necessity justifying the substitution of another judge to preside over a resentencing. The state asserts that the reassignment made the trial judge unavailable and, therefore, it was necessary for the successor judge to preside over the resentencing. I disagree and would hold that reassignment, in and of itself, does not render a judge unavailable for purposes of rule 3.700. In my view, declining to preside over a resentenc-ing solely because of reassignment is nothing more than declining because of “mere inconvenience.”
In support of the assertion that reassignment renders a judge unavailable, the state argues that it would be an undue interference in the administration of the circuit court for this court to direct reassigned trial court judges to additionally preside over their previous cases after remand. I fail to see how presiding over one resentencing hearing, or even a few that may trickle in from the district court, could so disrupt a judge’s calendar that the administration of the circuit court would be undermined.
I have not addressed whether the successor judge sufficiently familiarized himself with the case prior to imposing sentence or whether the defendant’s claim of prejudice has merit because even if neither issue had merit, I believe the rule and the caselaw construing it would still require reversal because there was no emergency or necessity to justify resentencing by a judge other than the trial judge. The conviction in this case resulted from a jury trial and the sentencing to be reconsidered was not just a ministerial task such as the fixing of a scrivener’s error or the imposition of a specified sentence. Without getting into the argument made by the state in its successful request that the successor judge impose the same sentence for two convictions that was imposed by the original judge for three convictions, notwithstanding the reduced sentencing range on the newly calculated scoresheet, suffice it to say that this resentencing was not a ministerial matter. Therefore, I would reverse and remand for resentencing by the trial judge.