CAMPBELL, Judge.
Appellant challenges his judgment and sentence for aggravated assault on a law enforcement officer. Of the two issues presented for our review, we find merit only in that regarding sentencing.
Appellant first argues that the state failed to prove he was guilty of aggravated assault because the unloaded BB gun he used to threaten the officers did not constitute a deadly weapon. We disagree. The Florida Supreme Court has recently held in Dale v. State, 703 So.2d 1045 (Fla.1997), that an unloaded BB gun can in fact be a deadly weapon and that the issue is one to be determined by the trier of fact. We therefore affirm appellant’s conviction.
We agree, however, with appellant’s argument that the court erred in applying the 1.5 “law enforcement officer” enhancement multiplier to his total sentence points since the offense was committed before the effective date of Florida Rule of Criminal Procedure 3.703(d)(22) authorizing the multiplier to be used when the offense is aggravated assault on a police officer. Rule 3.703(d)(22) is applicable only to offenses committed on or after October 1, 1995. Appellant’s offense was committed on May 23, 1995.
We therefore reverse appellant’s sentence and remand so that appellant can be sentenced in accordance with a properly calculated scoresheet. If, on remand, the trial court determines that an upward departure sentence is warranted, such a sentence may be imposed if proper written reasons are given. See Madrigal v. State, 683 So.2d 1093 (Fla. 4th DCA 1996).
DANAHY, A.C.J., and QUINCE, J., concur.