ON MOTION FOR REHEARING

PER CURIAM.
This cause is before us on the state’s motion for rehearing. We grant the motion for rehearing and, accordingly, withdraw our former opinion of October 18, 2004, and substitute the following in lieu thereof.
The order denying the appellant’s motion, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, is affirmed. See Hummel v. State, 782 So.2d 450, 451 (Fla. 1st DCA 2001) (holding that sentencing errors are harmless where a corrected scoresheet places the appellant in the same cell or where the appellant could have received the same sentence without a departure).
The state correctly argues in the motion for rehearing that the 1.5 law enforcement multiplier was available pursuant to § 921.0014(1), Fla. Stat. (1993). See § 775.0823(7), Fla. Stat. (1993). Thus, although the complimentary rule of procedure did not become effective until October 1, 1995, see Amendments to Florida Rules of Criminal Procedure Sentencing Guidelines, 660 So.2d 1374 (Fla.1995), the statutory authority for imposing the multiplier on the appellant’s sentence was already established at the time the appellant committed his primary offense on June 1, 1995. To the extent Lester v. State, 702 So.2d 598, 599 (Fla. 2d DCA 1997), and Madrigal v. State, 683 So.2d 1093, 1094 (Fla. 4th DCA 1996), hold to the opposite, we certify conflict. We also note that the amendments made by chapter 95-184, Laws of Florida, merely added offenses to the Law Enforcement Protection Act, thereby changing the subsection designation for the instant offense, aggravated assault on a law enforcement officer. See §§ 775.0823(10), 921.0014(1), Fla. Stat. (1995). Therefore, we hold that the trial *760 court did not err in using the 1.5 multiplier to enhance the appellant’s overall points.
AFFIRMED.
BROWNING, LEWIS and POLSTON, JJ., concur.