898 So.2d 266 (2005)
Willie J. BASKIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-671.
District Court of Appeal of Florida, Second District.
March 18, 2005.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Willie J. Baskin appeals his sentences imposed after he entered an open plea to four felony offenses. We reverse the sentences and remand for resentencing.
Baskin entered an open plea of no contest to the four felony charges on June 21, 2001. On July 16, 2001, Baskin appeared for sentencing before a judge other than the one who accepted his plea. Baskin objected to the successor judge imposing *267 the sentences, but the successor judge denied the objection. The successor judge then sentenced Baskin for the four offenses.
On appeal, Baskin argues that it was error for the successor judge to sentence him without a showing of a necessity or emergency situation requiring such sentencing. The State claims that Baskin failed to preserve the issue for appeal because Baskin's objection was insufficient. The State argues that Baskin's objection was insufficient because it was based solely "on principle" and not on the citation of any supporting rule or case law.
Florida Rule of Criminal Procedure 3.700(c)(1), provides:
In any case, other than a capital case, in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.
Under this provision, it is improper for a successor judge to sentence a defendant unless the record shows that the substitution of judges is necessary or dictated by an emergency. Clemons v. State, 816 So.2d 1180, 1182 (Fla. 2d DCA 2002); Madrigal v. State, 683 So.2d 1093, 1096-97 (Fla. 4th DCA 1996); Mack v. State, 643 So.2d 701, 701 (Fla. 1st DCA 1994); Lawley v. State, 377 So.2d 824, 824-25 (Fla. 1st DCA 1979). Where sentence is improperly imposed by a successor judge, the sentence will be reversed even without a specific showing of how the sentencing by the successor judge caused prejudice to the defendant. See Clemons, 816 So.2d at 1182; Madrigal, 683 So.2d at 1096-97. In effect, the improper sentencing by a successor judge is treated as prejudicial per se.
Here, the record of the sentencing hearing does not indicate that the substitution of judges for sentencing was necessary or dictated by an emergency. Baskin is therefore entitled to resentencing if  contrary to the State's argument  his objection to the sentencing by the successor judge was properly preserved.
Section 924.051(3), Florida Statutes (2000), provides, with respect to criminal appeals: "An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error." Section 924.051(1)(b) provides:
"Preserved" means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.
See also Tillman v. State, 471 So.2d 32, 35 (Fla.1985); Lacey v. State, 831 So.2d 1267, 1268 (Fla. 4th DCA 2002).
The transcript of the sentencing hearing indicates that Baskin's counsel objected to sentencing by the successor judge but was unable to provide any legal authority to support the objection. Counsel did, however, specifically argue that Baskin had a right to be sentenced by the judge who accepted his plea, thereby calling the successor judge's attention to the same legal issue raised on appeal as well as the relief sought. The trial court was "fairly apprised" of the grounds for Baskin's objection even though counsel did not specifically cite rule 3.700(c)(1) or any case authority. Baskin's objection therefore was sufficient to preserve the issue. See Williams v. State, 414 So.2d 509, 511-12 *268 (Fla.1982) (stating that "magic words are not needed to make a proper objection" and holding that objection was properly preserved where "notice of a challenge against the retroactive application of the statute was clearly given" even though "[t]rial counsel did not specifically cite to the prohibition against ex post facto laws as the basis for his legal argument").
Because Baskin was improperly sentenced by a successor judge over a properly preserved objection, we reverse Baskin's sentence. Upon remand if resentencing by a successor judge is necessary, this fact must be established on the record.
Reversed and remanded.
STRINGER and WALLACE, JJ., Concur.