977 So.2d 605 (2007)
James INGRAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-819.
District Court of Appeal of Florida, Fourth District.
December 19, 2007.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
This is the second appearance of this case before this court. James Ingram was tried by jury and convicted of burglary of a dwelling with a battery (count I) and grand theft (count II). Following the return of the guilty verdict, Judge Krathen sentenced Ingram to life as a Prison Releasee Reoffender for count I and to ten years for count II. No habitual felony offender designation was made by Judge Krathen to support the sentence imposed for count II.
Ingram appealed. This court affirmed Ingram's convictions and the sentence for count I, but reversed the sentence imposed on count II because, absent a habitual felony offender designation, the maximum possible penalty for a third degree felony is five years. See Ingram v. State, 943 So.2d 325 (Fla. 4th DCA 2006). The case was remanded to the trial court for resentencing on count II.
On remand, Judge Backman  and not Judge Krathen, the judge who presided at trial and initially imposed sentence  presided. Judge Backman sentenced Ingram to the five-year statutory maximum. At the hearing, Ingram objected to being sentenced by Judge Backman as he was not the initial sentencing judge. In this appeal, the defendant again seeks reversal of the sentence imposed for count II, arguing, as he did below, that his sentencing by a successor judge was improper. We agree.
Florida law clearly provides that "it is improper for a successor judge to sentence a defendant unless the record *607 shows that the substitution of judges is necessary or dictated by an emergency." Baskin v. State, 898 So.2d 266, 267 (Fla. 2d DCA 2005). Mere convenience cannot justify sentencing by a substitute judge. See Mack v. State, 643 So.2d 701, 701 (Fla. 1st DCA 1994). Further, where a defendant is sentenced by a successor judge in the absence of a demonstration of necessity or emergency, he or she is entitled to reversal of the sentence imposed "even without a showing of prejudice to the defendant." Madrigal v. State, 683 So.2d 1093, 1096-97 (Fla. 4th DCA 1996). As there was no attempt to establish that the original sentencing judge was not available or to demonstrate that sentencing by Judge Backman was a matter of necessity or emergency, we reverse the sentence imposed.[1] The case is remanded to the trial court for resentencing before Judge Krathen or a substitute judge upon a demonstration of necessity or emergency.
Reversed and Remanded.
STONE and MAY, JJ., concur.
NOTES
[1] We reject the State's claim that the defendant's objection was untimely. The transcript shows that after some back and forth discussions between the prosecutor and the trial judge at the beginning of the hearing, the trial judge immediately pronounced the sentence; subsequently, defense counsel made his objection. In our view, defense counsel could have reasonably presumed that he would have been given the opportunity to address the court prior to the announcement of the sentence.