PER CURIAM.
Chad Durbrow appeals the portion of the postconviction court’s order that denied his claim of scoresheet error in his motion to correct illegal sentence under Florida Rule of Criminal Procedure *818 3.800(a). He also challenges the sentences imposed after the postconviction court granted his motion in part and resen-tenced him. We affirm the postconviction court’s order without discussion to the extent that it denied Mr. Durbrow’s claim of scoresheet error. But we agree that the postconviction court erred when a successor judge resentenced Mr. Durbrow without a showing that the substitution of judges was necessary or dictated by emergency. Accordingly, we reverse the new sentences imposed on Mr. Durbrow by the postconviction court and remand for resen-tencing.
I. THE RELEVANT PROCEDURAL HISTORY
In January 1999, Mr. Durbrow pleaded nolo contendere to two counts of lewd and lascivious act, section 800.04(2), Florida Statutes (1997), second-degree felonies; one count of procuring a person under sixteen for prostitution, section 796.03, Florida Statutes (1997), a second-degree felony; and one count of sexual battery by multiple perpetrators, sections 794.011(5) and 794.023, Florida Statutes (1997), a second-degree felony punishable as if it were a first-degree felony, in accordance with a plea agreement negotiated with the State. Under the agreement, Mr. Durbrow was to receive a sentence of eighteen years’ imprisonment. Mr. Durbrow’s sentencing scoresheet indicated a minimum sentence of 171 months’ imprisonment. The circuit court sentenced Mr. Durbrow to concurring [sic] sentences of [eighteen] years to the Florida State Prison with credit for time served on all four of the charged offenses without imposing a separate sentence for each offense. The judgments and sentence were affirmed on appeal. See Durbrow v. State, 748 So.2d 270 (Fla. 2d DCA 1999) (unpublished table decision).
In November 2007, Mr. Durbrow filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), claiming that his sentencing scoresheet contained an error and that the circuit court had erred by imposing a general sentence. On January 24, 2008, the postconviction court denied Mr. Durbrow’s claim of scoresheet error and granted relief to correct the general sentence. A successor judge resentenced Mr. Durbrow to concurrent sentences of eighteen years’ imprisonment on each count. The post-conviction court did not conduct a new sentencing hearing, and Mr. Durbrow was not present for resentencing. This appeal followed.
After filing his notice of appeal, Mr. Durbrow filed a motion to correct illegal sentence under rule 3.800(b)(2). In this motion, Mr. Durbrow argued that he had been improperly resentenced by a successor judge. In particular, Mr. Durbrow claimed that he was resentenced improperly because the record did not show that the substitution of judges was necessary or dictated by an emergency. We note that Mr. Durbrow did not claim in this motion that the term of any of his new sentences exceeded the statutory maximum. The postconviction court denied Mr. Durbrow’s rule 3.800(b)(2) motion.
II. DISCUSSION
On appeal, Mr. Durbrow argues that the postconviction court erred when a successor judge resentenced him without a showing of either necessity or an emergency situation requiring the substitution of judges.[1] We agree. Florida Rule of Criminal Procedure 3.700(c)(1) provides:
*819 In any case, other than a capital case, in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.
This court has held that rule 3.700(c)(1) makes it improper for a successor judge to sentence a defendant unless the record shows that the substitution of judges is necessary or dictated by an emergency. Baskin v. State, 898 So.2d 266, 267 (Fla. 2d DCA 2005). Here, the record does not indicate that the substitution of judges was necessary or dictated by an emergency. For this reason, Mr. Durbrow’s resentenc-ing by the successor judge was not proper under rule 3.700(c)(1). See Gay v. State, 898 So.2d 1203, 1204 (Fla. 2d DCA 2005); Baskin, 898 So.2d at 267; Clemons v. State, 816 So.2d 1180, 1182 (Fla. 2d DCA 2002).
Mr. Durbrow was not required to demonstrate harm or prejudice resulting from the fact that a successor judge performed the resentencing. “Where sentence is improperly imposed by a successor judge, the sentence will be reversed even without a specific showing of how the sentencing by the successor judge caused prejudice to the defendant. In effect, the improper sentencing by a successor judge is treated as prejudicial per se.” Baskin, 898 So.2d at 267 (citations omitted); see also Clemons, 816 So.2d at 1182. Because the record does not demonstrate that re-sentencing by the successor judge was necessary or dictated by an emergency, Mr. Durbrow is entitled to resentencing.
III. CONCLUSION
To summarize, we affirm the postconviction court’s denial of Mr. Durbrow’s rule 3.800(a) motion with respect to his claim of scoresheet error. However, we reverse Mr. Durbrow’s sentences and remand for Mr. Durbrow to be resentenced once again. We note that a defendant need not always be present at a resentencing hearing that is intended to correct a general sentence. See Brazley v. State, 871 So.2d 986, 987 (Fla. 3d DCA 2004); Awad v. State, 364 So.2d 516, 516 (Fla. 4th DCA 1978). Nevertheless, in light of the unusual circumstances arising in this case, we require that Mr. Durbrow shall be entitled to be present and represented by counsel at the resentencing hearing. Mr. Durbrow should be resentenced by the original sentencing judge unless the State can show that resentencing by a different judge is necessary or dictated by an emergency.
Affirmed in part, reversed in part, and remanded with instructions.
ALTENBERND and DAVIS, JJ„ Concur.
WALLACE, J., Concurs specially.

. Because we reverse Mr. Durbrow’s sentences and remand for a new resentencing hearing at which Mr. Durbrow shall be entitled to be present and represented by counsel, *819 we do not address his other arguments about the manner in which the postconviction court conducted the resentencing.