# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-1172

_____

PAUL THOMAS KARTSONIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Steven B. Whittington, Judge.

September 14, 2020

ON MOTION FOR REHEARING AND
MOTION FOR ISSUANCE OF A WRITTEN OPINION

PER CURIAM.

Appellant timely filed a motion for rehearing and request for issuance of a written opinion. We deny the motion for rehearing but grant Appellant's motion for issuance of a written opinion. Accordingly, we withdraw our previous opinion and substitute the following.[1]

_____

[1] Judge Long replaced Judge Wolf on the panel after Judge Wolf retired.

Appellant claims it was error for a successor judge to rule on and deny his rule 3.800(b) motion because the original sentencing judge was still available.[2] Florida Rule of Criminal Procedure 3.700(c)(1) provides:

> In any case, other than a capital case, *in which it is necessary that sentence be pronounced* by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.

(emphasis added).

Appellant suggests this rule should apply to all sentencing related matters. However, on its face, rule 3.700(c) is applicable only when a sentence is pronounced. *See generally Lawley v. State*, 377 So. 2d 824 (Fla. 1st DCA 1979). The rule that a judge other than the original presiding trial judge should not pronounce a sentence absent necessity applies only in the context of a trial judge exercising discretion to determine and impose an appropriate sentence. *Id.* at 825. Where there is no discretionary resentencing, the rule does not impact a trial court's resolution of post-conviction matters just because they address or relate to underlying sentencing issues. This distinguishes *Gay v. State*, 898 So. 2d 1203 (Fla. 2nd DCA 2005), the primary case relied on by Appellant, because the defendant in *Gay* was resentenced by a different judge. In this case, Appellant's motion was denied and a new sentence was not pronounced.

AFFIRMED.

ROBERTS, WINOKUR, and LONG, JJ., concur.

---

[2] Appellant raises two arguments on appeal. His motion for rehearing and a written opinion speaks only to his second argument. We address the second here and affirm as to the first without further comment.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.