816 So.2d 1180 (2002)
Anthony George CLEMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3793.
District Court of Appeal of Florida, Second District.
May 22, 2002.
*1181 Geoffrey A. Foster, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Anthony George Clemons appeals his sentence which was imposed on resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). He argues that his resentencing by a successor judge violated Florida Rule of Criminal Procedure 3.700(c)(1). We agree and reverse.
In 1998, Clemons entered a plea of nolo contendere to one count of committing a lewd act on a child, and he was sentenced under the 1995 guidelines. In 2000, Clemons filed a motion for postconviction relief based on Heggs. The trial court granted the motion and scheduled Clemons for resentencing under the 1994 guidelines. By this time, the judge who had originally accepted Clemons' plea had been reassigned to the civil division. The successor judge offered the original judge an opportunity to preside over Clemons' resentencing, but he declined stating he thought it would set a "bad precedent" for future cases and "that he had no intention of coming back and resentencing all the people he had already sentenced simply because of the Heggs decision." Clemons was resentenced by the successor judge over his specific objection and contrary to his request that he be sentenced by the judge who accepted his plea.
On appeal Clemons argues that this was reversible error because there was no showing of necessity to justify resentencing by a successor judge. Rule 3.700(c)(1) provides, in part:
In any case, other than a capital case, in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.
Clemons contends that the reassignment of the original judge to the civil division does not meet the necessity requirement of rule 3.700(c)(1). The State contends that *1182 rule 3.700(c)(1) does not apply to a resentencing.
We reject the State's argument that rule 3.700(c)(1) does not apply to a resentencing. Rule 3.700(a) defines "sentence" as "the pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty." The rule provides no basis to distinguish between an original sentencing and a resentencing. Accordingly, we conclude that a resentencing must conform to the requirements of the rule.
The case law applying rule 3.700(c)(1) states that even in the absence of prejudice to the defendant, it is reversible error for a successor judge to sentence a defendant where the record does not show that the substitution of judges is "necessary" or dictated by an "emergency." Campbell v. State, 622 So.2d 603 (Fla. 2d DCA 1993); Madrigal v. State, 683 So.2d 1093 (Fla. 4th DCA 1996); Lawley v. State, 377 So.2d 824 (Fla. 1st DCA 1979). Mere convenience cannot justify sentencing by a successor judge. Campbell, 622 So.2d at 603; Madrigal, 683 So.2d at 1097; Lawley, 377 So.2d at 825.
While there may be circumstances where reassignment of a judge will necessitate sentencing by a successor judge, in this case it did not.[1] The record affirmatively establishes that it was not necessary for the successor judge to sentence Clemons. The original judge was available to sentence Clemons, and the successor judge offered him the opportunity to do so. The original judge simply chose not to preside over the resentencing for what amounted to "mere convenience." Because the record does not demonstrate that resentencing by the successor judge was necessary, the substitution was not proper under rule 3.700(1)(c). We reverse Clemons' sentence and remand for resentencing in accordance with rule 3.700(c)(1).
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.
NOTES
[1] Our conclusion is supported by the same standards that the court relied on in Lawley, 377 So.2d at 824. Section 5.13(ii) of the American Bar Association Standards Relating to Sentencing Alternatives and Procedures specifically provides that if guilt is determined by a plea, "the judge who accepted the plea should preside in sentencing proceedings unless the system of rotating assignment of judges in a multi-judge court makes that unfeasible." In this case the record demonstrates that it was not "unfeasible" for the judge who accepted the plea to preside at the resentencing.