821 So.2d 411 (2002)
Krishna PERSAUD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4182.
District Court of Appeal of Florida, Second District.
July 17, 2002.
*412 James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Krishna Persaud challenges his sentence and the summary denial of two claims made in his postconviction motion filed *413 pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Persaud was charged by an information with three counts of attempted second-degree murder (counts 1-3), driving under the influence with serious bodily injuries (count 4), and violation of driver's license restriction (count 5). After a nonjury trial, Persaud was found guilty of two counts of aggravated battery, as lesser-included offenses of counts 1 and 3; aggravated assault, as a lesser-included offense of count 2; driving under the influence with serious bodily injuries; and violation of driver's license restriction. Persaud's sentencing guidelines scoresheet provided for a sentence of 109.6 to 182.7 months' incarceration. The original trial judge sentenced Persaud to ten years' incarceration on count 1, a concurrent term of five years' incarceration on counts 2 and 4, and time served on count 5. As to count 3, Persaud was placed on ten years' probation consecutive to the prison sentence. An appeal was taken from the judgment and sentence which resulted in this court issuing a per curiam affirmance. Persaud v. State, 731 So.2d 1285 (Fla. 2d DCA 1999) (table).
Persaud then filed a rule 3.850 motion which alleged that (1) he was entitled to resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000); (2) his trial counsel was ineffective for failing to present the defense of voluntary intoxication; and (3) his trial counsel was ineffective for failing to challenge his conviction for the permissible lesser-included offenses of aggravated battery and aggravated assault. The trial court summarily denied Persaud's second and third claim; however, it ordered the State to respond to the first claim regarding resentencing pursuant to Heggs. The State's response acknowledged that Persaud should be resentenced. The trial court resentenced Persaud to 102.7 months' incarceration as to count 1; five years' incarceration, concurrent with count 1, as to count 2; ten years' probation, consecutive, as to count 3; and five years' incarceration, concurrent with count 1, as to count 5. The corrected sentencing guidelines provided for a sentence of 61.6 to 102.7 months.
Prior to filing his initial appellate brief, Persaud filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) which alleged that the trial court erred in allowing his resentencing to be conducted by a different judge than the one who presided at trial and that the trial court erred in not familiarizing itself with the facts of his case. The motion was denied without a hearing.
We begin by discussing the claims asserted in Persaud's 3.850 motion. Persaud raised three claims. Relief was granted as to the first claim concerning his resentencing; however, there are issues pertaining to the resentencing that we will discuss later. His second claim concerned defense counsel's failure to present a voluntary intoxication defense. We affirm without further comment the summary denial of this claim. Persaud's third claim alleged that his trial counsel was ineffective in failing to file a motion for new trial based on his conviction of the lesser-included offense of aggravated battery when that offense was not alleged in the information.[1] The trial court, in denying Persaud's third claim, concluded that aggravated battery was a category one *414 necessary lesser-included offense of attempted second-degree murder. We disagree.
Aggravated battery is not a category one necessary lesser-included offense of attempted second-degree murder, but it may be a category two permissible lesser-included offense depending upon the allegations in the information and the evidence presented at trial. See Levesque v. State, 778 So.2d 1049 (Fla. 4th DCA 2001). To sustain a conviction of a category two lesser-included offense, the information must allege each element of that crime. Lawrence v. State, 685 So.2d 1356, 1357 (Fla. 2d DCA 1996). In this case, the information did not allege that Persaud intentionally or knowingly caused great bodily harm to the victim. See Levesque, 778 So.2d 1049 (holding that trial court erred in instructing the jury as to the lesser-included offense of aggravated battery where information failed to allege defendant intentionally or knowingly caused great bodily harm to the victim). The trial court has failed to attach record documents refuting Persaud's claim on this issue. Accordingly, we reverse the summary denial of Persaud's claim and remand this matter for further proceedings.
Returning now to Persaud's resentencing claim, in his motion to correct sentencing error Persaud alleged that the trial court erred in not acquainting itself with the facts of his case and in allowing a different trial judge to handle his resentencing without a showing of necessity. Without a showing of necessity, it is error to permit resentencing by a different judge than the one who heard the evidence at trial and originally imposed sentence. Campbell v. State, 622 So.2d 603 (Fla. 2d DCA 1993). "Mere convenience does not justify a practice that departs from the well recognized assumption that sentencing is an individualized procedure." Lawley v. State, 377 So.2d 824, 825 (Fla. 1st DCA 1979).
In this case, the trial court stated that the Tenth Judicial Circuit has adopted a policy of having all Heggs resentencing hearings conducted by one circuit judge. There has been no showing in this record that the original sentencing judge was unable to hear appellant's resentencing. We note that the original sentencing judge still sits as a circuit judge in Polk County. While we do not wish to hinder a circuit court's ability to decide when resentencing by another judge is necessary, we cannot condone a blanket policy that all Heggs resentencing should be conducted by one circuit court judge. Such a policy does not comply with the necessity requirement of rule 3.700(c)(1). Accordingly, we vacate Persaud's sentence.
Because on remand it may be necessary for a trial judge other than the trial judge who imposed the original sentence to resentence Persaud, we discuss Persaud's remaining issues. Persaud alleged that the trial court erred in not acquainting itself with the facts of his case. At the resentencing hearing and in its order denying Persaud's motion to correct sentencing error, the trial court stated that its policy was to resentence a defendant to a sentence which most closely approximates what the original sentencing judge did. We find this to be error.
Florida Rule of Criminal Procedure 3.700(c)(1) provides that in a noncapital case
in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea *415 discussions, concerning the plea and the offense.
Where the sentencing judge is different from the judge who presided at trial, the sentencing judge has an obligation to conduct an independent evaluation of the case. See Moore v. State, 378 So.2d 792 (Fla. 2d DCA 1979) (vacating sentence where sentencing judge indicated that sentence was based entirely upon recommendation of trial judge); see also Spencer v. State, 611 So.2d 16 (Fla. 3d DCA 1992) (holding that new sentence must reflect the independent decision of the successor judge). Based on the record, we find that the trial court erred in not making an independent evaluation of the facts in this case prior to imposing sentence.
Additionally, we find that the trial court erred in preventing Persaud from presenting relevant evidence during the resentencing hearing. A Heggs resentencing is a de novo proceeding, and the defendant is entitled to introduce relevant evidence and challenge the accuracy of the scoresheet and prior convictions. See Webb v. State, 805 So.2d 856 (Fla. 2d DCA 2001).
Accordingly, we reverse in part the summary denial of Persaud's rule 3.850 motion and vacate Persaud's sentence. On remand, we direct that Persaud be resentenced by the original sentencing judge unless it is shown that it is necessary for a successor judge to be assigned.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY and GREEN, JJ., concur.
NOTES
[1] Persaud originally challenged both his conviction for aggravated assault and aggravated battery. On appeal, he concedes that the information encompassed a charge for aggravated assault, and thus, he does not dispute that the trial court could have convicted him of the category two permissible lesser-included offense of aggravated assault.