870 So.2d 140 (2004)
Jeffrey L. SNYDER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2228.
District Court of Appeal of Florida, Second District.
January 7, 2004.
*142 Robert W. Merkle and Ward A. Meythaler of Merkle & Magri, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Jeffrey Snyder appeals the sentence entered by a successor judge following a successful motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He also appeals the denial of his motion to disqualify the successor judge. Because the trial court properly denied the motion to disqualify as untimely, we affirm the denial of that motion. However, because the trial court erred in allowing sentencing by a successor judge without a showing of necessity, we vacate the sentence and remand for resentencing.
On October 30, 1998, Snyder pleaded guilty to eleven counts of grand theft and one count of securities fraud. Following his guilty plea, Snyder was sentenced to fourteen years' imprisonment. This sentence was at the bottom end of the sentencing guidelines in effect at that time. In addition to the prison sentence, the court ordered restitution totaling over $1.5 million.
After his sentencing, Snyder entered into a settlement agreement with some of the victims of his crimes. The agreement contained a release of approximately $1,029,854 of the criminal restitution orders. Snyder filed this release as a satisfaction of the restitution orders.
On December 19, 2001, Snyder filed a motion to correct illegal sentence pursuant to rule 3.800(a) on the ground that he had been sentenced pursuant to the 1995 sentencing guidelines, which were declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000). On April 25, 2002, the trial court held a resentencing hearing so that Snyder could be sentenced under the 1994 guidelines, which were constitutionally valid. However, the original sentencing judge did not preside over the resentencing; instead, a successor judge presided. This successor judge sentenced Snyder to 104 months' imprisonment, which was at the high end of the sentencing range under the 1994 guidelines. The successor judge also ordered that "[r]estitution remains as previously imposed in this case."
Snyder filed a notice of appeal of the resentencing on May 23, 2002. On October 11, 2002, pursuant to Florida Rule of Criminal Procedure 3.800(b), Snyder filed a motion to correct sentencing errors, alleging a successor judge was allowed to resentence him without a showing of necessity and the successor judge failed to become familiar with the facts of the case. On October 18, 2002, Snyder filed a motion to disqualify the successor judge. The trial court denied both motions, and Snyder again appealed.
We affirm the trial court's denial of the motion to disqualify the successor judge because the motion was not timely. A motion to disqualify must be filed "within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion." Fla. R. Jud. Admin. 2.160(e). The facts constituting the grounds for the motion were necessarily discovered at the resentencing hearing on April 25, 2002; however, Snyder did not file his motion to disqualify until October 18, 2002. Therefore, the motion was not timely, and we affirm on this issue.
We agree, however, that a successor judge should not have been permitted *143 to resentence Snyder absent a showing of necessity as required by Florida Rule of Criminal Procedure 3.700(c)(1). Rule 3.700(c)(1) provides as follows:
In any case, other than a capital case, in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.
This court has held that it is error for a trial court to allow resentencing by a successor judge without a showing of necessity. Persaud v. State, 821 So.2d 411 (Fla. 2d DCA 2002); Clemons v. State, 816 So.2d 1180 (Fla. 2d DCA 2002); Campbell v. State, 622 So.2d 603 (Fla. 2d DCA 1993).
The State correctly concedes that there was no showing of necessity to allow a successor judge. The State argues, however, that Snyder waived any objection to the successor judge by not objecting at the resentencing hearing. Although Snyder did not object to the successor judge at the time of resentencing, the record is clear that Snyder did raise the necessity issue in a motion timely filed pursuant to rule 3.800(b). Moreover, nothing in rule 3.700 requires that the defendant object to the successor judge at the time of sentencing. Cf. Persaud, 821 So.2d 411 (considering defendant's objection to successor judge raised in a rule 3.800(b) motion). Therefore, without a showing of necessity, it was error for a successor judge to resentence Snyder, and Snyder's objection was properly preserved.
Snyder also argued in his rule 3.800(b) motion that the successor judge failed to acquaint himself with the facts of the case as required by rule 3.700. Snyder provides several examples of what he argues are evidence of the successor judge's failure to become familiar with the case. Because our holding vitiates the need to address the merits of this argument, we note only that Snyder is correct that rule 3.700 requires a successor judge to become acquainted with the facts and to make an independent evaluation of the case. See Persaud, 821 So.2d at 415. The requirement that a judge conduct an independent evaluation prohibits a successor judge from merely relying on the perceived intentions of the original judge. Id.; Moore v. State, 378 So.2d 792 (Fla. 2d DCA 1979). We caution, however, that absent a plea agreement stipulating that Snyder would be sentenced at the bottom of the guidelines, Snyder is not entitled to be sentenced at the bottom of the 1994 guidelines simply because he was originally sentenced at the bottom of the 1995 guidelines. Cf. Dunbar v. State, 787 So.2d 240 (Fla. 2d DCA 2001) (noting a defendant may be permitted to withdraw a negotiated plea if it was entered with the understanding the defendant would be sentenced at the bottom of the 1995 sentencing guidelines).
Because we are remanding for resentencing, we also write concerning one other issue that is likely to recur on remand. Snyder argues that the successor judge erred by reinstating the restitution liens that had been in place pursuant to his original sentence. He submits that the effect of reinstating the liens is to make him responsible for the full amount of restitution, thereby voiding the satisfactions of judgment he had filed pursuant to civil settlement agreements with some of the victims. The trial court's order indicated that the satisfactions of judgment have not been voided and that the restitution liens would be considered satisfied in full as to each victim if the entire amount of restitution had been paid to that victim. We note the supreme court's recent holding in Kirby *144 v. State, 863 So.2d 238 (Fla. 2003), permits the trial court to do exactly what it did: require a defendant to satisfy restitution imposed as part of his criminal sentence irrespective of any civil settlement agreement he may have reached with the victim.
Because it was error for a successor judge to resentence Snyder without a showing of necessity, we reverse and remand for resentencing by the original judge or, if it is necessary that a successor judge resentence Snyder, by a successor judge after the requisite showing of necessity is made.
Affirmed in part, reversed in part, and remanded.
CANADY, J., and SEXTON, SUSAN, Associate Judge, Concur.