889 So.2d 935 (2004)
James A. HAKKENBERG, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D04-387.
District Court of Appeal of Florida, Second District.
December 17, 2004.
*936 James A. Hakkenberg, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, Respondent.
CANADY, Judge.
James A. Hakkenberg, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises four grounds of ineffective assistance of appellate counsel. We grant the petition as it relates to one of the grounds raised therein and reverse Hakkenberg's sentences and remand to the trial court for resentencing. Our resolution of this ground makes it unnecessary to address the remaining grounds of the petition.
In the second ground of his petition, Hakkenberg alleged that appellate counsel was ineffective for failing to file a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) on the ground that he was improperly resentenced by a successor judge without a showing of necessity. The record establishes, and the State acknowledges, that a judge[1] other than the one who originally sentenced Hakkenberg set aside his sentences in trial court case numbers 98-13627 and 98-13721, based on a finding that they were illegal, and resentenced him to two concurrent terms of twelve years' prison followed by three years' probation. This court affirmed the direct appeal from the judgments and sentences in those cases in Hakkenberg v. State, 840 So.2d 234 (Fla. 2d DCA 2003) (table decision).
Florida Rule of Criminal Procedure 3.700(c)(1) states that in a noncapital case "in which it is necessary that sentence be pronounced by a judge other than the judge who ... accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with ... the facts, including any plea discussions, concerning the plea and the offense." This court has held that "even in the absence of prejudice to the defendant, it is reversible error for a successor judge to sentence a defendant where the record does not show that the substitution of judges is `necessary' or dictated by an `emergency.'" Clemons v. State, 816 So.2d 1180, 1182 (Fla. 2d DCA 2002). This rule is applicable where the defendant initially pleaded, the sentence was set aside by the trial court as an illegal sentence, and the defendant was then resentenced by a successor judge. See id. at 1181-82. In Clemons, we held that "[b]ecause the record [did] not demonstrate that resentencing by the successor judge was necessary, the substitution was not proper under rule *937 3.700[(1)(c)]." 816 So.2d at 1182. We therefore reversed and remanded for resentencing in accordance with rule 3.700(c)(1). Id.
In the present case, petitioner did not object in the trial court to being improperly sentenced by a successor judge; however, this issue could have been preserved for appellate review had appellate counsel filed a rule 3.800(b)(2) motion to correct sentencing error in the trial court. See Snyder v. State, 870 So.2d 140, 143 (Fla. 2d DCA 2004); Persaud v. State, 821 So.2d 411, 413 (Fla. 2d DCA 2002). Appellate counsel's failure to preserve the sentencing error in this case for review by neglecting to file a rule 3.800(b)(2) motion in the trial court constitutes ineffective assistance of appellate counsel. See Gisi v. State, 848 So.2d 1278, 1282 (Fla. 2d DCA 2003).
Had appellate counsel preserved and argued the issue that Hakkenberg was improperly resentenced by a successor judge without a finding of necessity, we would have been compelled to reverse his sentences and remand for resentencing based on this court's decisions in Snyder, Persaud, and Clemons. Because a new appeal would be redundant in this instance, we reverse Hakkenberg's sentences in case numbers 98-13627 and 98-13721 and remand for resentencing in accordance with rule 3.700(c)(1). See Hernandez v. State, 884 So.2d 281, 282 (Fla. 2d DCA 2004) (citing Johnson v. Wainwright, 498 So.2d 938, 939 (Fla.1986)).
Petition granted.
STRINGER and KELLY, JJ., Concur.
NOTES
[1] Hakkenberg alleges that the original sentencing judge was transferred to the civil division. However, this is neither confirmed nor refuted by the attachments to the petition or the response.