898 So.2d 1203 (2005)
Matthew GAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2072.
District Court of Appeal of Florida, Second District.
April 13, 2005.
*1204 James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Matthew Gay appeals the sentence that was imposed on resentencing, arguing that he should have been resentenced by the judge who originally sentenced him. The State concedes error. We agree and reverse and remand for resentencing by the original trial judge, unless the State can show that resentencing by a different judge is now necessary.
Judge Downey originally sentenced Gay in 1995. In 2001, after Gay obtained relief under rule 3.800(a), Judge Schaefer resentenced him. Gay later filed a motion for postconviction relief that Judge Federico treated as another rule 3.800(a) motion. Judge Federico granted the motion and resentenced Gay.
The record reflects no explanation for the substitution of judges during the resentencing proceedings, and the State concedes that the substitutions constitute error. This court has held that "[w]ithout a showing of necessity, it is error to permit resentencing by a different judge than the one who heard the evidence at trial and originally imposed sentence." Persaud v. State, 821 So.2d 411, 414 (Fla. 2d DCA 2002); see also Fla. R.Crim. P. 3.700(c); Baskin v. State, 898 So.2d 266, 266 (Fla. 2d DCA 2005); Snyder v. State, 870 So.2d 140, 142-43 (Fla. 2d DCA 2004).
The State acknowledges that the judge who originally sentenced Gay, Judge Downey, is still available as a circuit judge in Pinellas County, and nothing in the record establishes that it was necessary for other judges to resentence Gay. Accordingly, we reverse and remand for resentencing by the original trial judge unless the State can show that resentencing by a different judge is necessary pursuant to rule 3.700(c) and the cited cases.
Reversed and remanded.
NORTHCUTT and KELLY, JJ., Concur.