SILBERMAN, Judge.
Pedro Quijije appeals his sentences in seven circuit court cases[1] and argues that the trial court erred in sentencing him because another judge had accepted his pleas. We reverse and remand for resen-tencing.
At Quijije’s sentencing hearing, he objected to Judge Hardt sentencing him and *269 argued that the judge who had accepted his pleas, Judge Ellis, should sentence him. The State properly concedes that Judge Hardt erred in sentencing Quijije because Judge Ellis had accepted Quijije’s pleas and the record does not show that it was necessary for another judge to sentence him. See Gay v. State, 898 So.2d 1203, 1204 (Fla. 2d DCA 2005); Snyder v. State, 870 So.2d 140, 143 (Fla. 2d DCA 2004); Campbell v. State, 622 So.2d 603, 603 (Fla. 2d DCA 1993); see also Fla. R.Crim. P. 3.700(c)(1).
Therefore, we reverse Quijije’s sentences and remand for resentencing before the original trial judge, or, if circumstances require it, resentencing by a successor judge after a showing of necessity has been made on the record. See Snyder, 870 So.2d at 144.
Reversed and remanded.
NORTHCUTT, J., and THREADGILL, EDWARD F., Senior Judge, Concur.

. Quijije is appealing his sentences in circuit court case numbers 03-2949CFA, 03-3552CFA, 04-343CFA, 04-404CFA, 04-406CFA, 04-408CFA, and 04-409CFA.