905 So.2d 1045 (2005)
Jose Miguel LOPEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1293.
District Court of Appeal of Florida, Second District.
July 13, 2005.
*1046 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Jose Lopez appeals his thirty-year habitual felony offender sentence for solicitation to commit first-degree murder. We reverse his sentence and remand for further proceedings.
In 2001, Lopez was convicted by a jury and sentenced to thirty years in prison as a prison releasee reoffender. He filed a motion for postconviction relief, which was denied. On appeal, this court reversed the denial and remanded for resentencing. See Lopez v. State, 864 So.2d 1151 (Fla. 2d DCA 2003). On remand, Lopez was resentenced to thirty years in prison as a habitual felony offender.
*1047 On appeal, Lopez's appointed appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court issued an order allowing Lopez to file a pro se initial brief. Before he filed his pro se brief, Lopez filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Rule 3.800(b)(2) requires that such a motion be "served before the party's first brief is served." In Anders cases in which the appellant has been given the opportunity to file a pro se brief, the pro se appellant's brief, and not counsel's Anders brief, is considered the "party's first brief" for purposes of rule 3.800(b)(2). See Proctor v. State, 901 So.2d 994 (Fla. 1st DCA 2005). But see Rodriguez v. State, 881 So.2d 671 (Fla. 5th DCA 2004). Therefore, Lopez's motion was timely, and the issue raised therein was properly preserved for appeal. As the First District did in Proctor, we certify that our decision here conflicts with the Fifth District's decision in Rodriguez.
In his rule 3.800(b)(2) motion, Lopez claimed that the judge who originally imposed sentence in 2001 did not preside over his resentencing. He argued that there was no showing made on the record that sentencing by a successor judge was necessary or dictated by an emergency. The trial court did not rule on Lopez's motion within sixty days; it is therefore deemed denied. See Fla. R.Crim. P. 3.800(b)(2)(B), (b)(1)(B). Lopez now raises the issue on appeal.
"Under [Florida Rule of Criminal Procedure 3.700(c)(1)], it is improper for a successor judge to sentence a defendant unless the record shows that the substitution of judges is necessary or dictated by an emergency." Baskin v. State, 898 So.2d 266, 267 (Fla. 2d DCA 2005); Clemons v. State, 816 So.2d 1180, 1182 (Fla. 2d DCA 2002). Such sentencing is improper even without a showing of prejudice to the defendant. Baskin, 898 So.2d at 267; Clemons, 816 So.2d at 1182. Here, the record confirms Lopez's claim that he was resentenced by a successor judge, but it does not show that the sentencing by a successor judge was necessary or dictated by an emergency.
The State claims that the original sentencing judge was transferred to the civil division and that the transfer resulted in a necessity for resentencing by a successor judge. The record before this court does not, however, contain any support for the State's assertion that the original judge had been transferred to the civil division. We therefore do not decide this issue. Nonetheless, we note that reassignment of the original judge to the civil division, in and of itself, does not render resentencing by a successor judge a necessity. "Mere convenience does not justify a practice that departs from the well recognized assumption that sentencing is an individualized procedure." Lawley v. State, 377 So.2d 824, 825 (Fla. 1st DCA 1979). In Clemons, 816 So.2d at 1182, we held that rule 3.700(c)(1) was violated where the original judge had been reassigned to the civil division but "simply chose not to preside over the resentencing for what amounted to `mere convenience.'" See also Adams v. State, 739 So.2d 602, 603 (Fla. 2d DCA 1997) (Fulmer, J., dissenting) (expressing view that "reassignment, in and of itself, does not render a judge unavailable for purposes of rule 3.700" and that "declining to preside over a resentencing solely because of reassignment is nothing more than declining because of `mere inconvenience'").
Because the record does not demonstrate that resentencing by the successor judge was necessary or dictated by an *1048 emergency, we reverse Lopez's sentence and remand for resentencing.
Reversed and remanded; conflict certified.
FULMER, C.J., and STRINGER, J., Concur.