918 So.2d 1011 (2006)
Michael A. HORNE, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D05-2681.
District Court of Appeal of Florida, Second District.
January 25, 2006.
Michael A. Horne, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Respondent.
CASANUEVA, Judge.
Michael A. Horne, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises six grounds alleging *1012 ineffective assistance of appellate counsel. We grant the petition as it relates to one of the grounds raised therein, and we reverse Horne's sentences and remand to the trial court for resentencing. We deny the remaining grounds of the petition without discussion.
In the fourth ground of the petition, Horne alleged that his appellate counsel was ineffective for not raising the claim that he was improperly resentenced by a successor judge without a showing of necessity in derogation of Florida Rule of Criminal Procedure 3.700(c)(1). This claim is cognizable in a petition alleging ineffective assistance of appellate counsel. See Hakkenberg v. State, 889 So.2d 935, 937 (Fla. 2d DCA 2004). Horne alleged, and the attachments to the State's response to the petition establish, that he entered an open plea to numerous charges and was initially sentenced by Judge Baird. He subsequently filed a Florida Rule of Criminal Procedure 3.800(a) motion in which he claimed he was entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Horne's motion was granted, and he was resentenced by Judge Downey. There is nothing in the record, as demonstrated by the attachments to the response, to indicate that resentencing by a successor judge was necessary. This court affirmed the sentences. See Horne v. State, 864 So.2d 411 (Fla. 2d DCA 2003) (table decision).
The Hakkenberg court stated:
Florida Rule of Criminal Procedure 3.700(c)(1) states that in a noncapital case "in which it is necessary that sentence be pronounced by a judge other than the judge who ... accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with ... the facts, including any plea discussions, concerning the plea and the offense." This court has held that "even in the absence of prejudice to the defendant, it is reversible error for a successor judge to sentence a defendant where the record does not show that the substitution of judges is `necessary' or dictated by an `emergency.'" Clemons v. State, 816 So.2d 1180, 1182 (Fla. 2d DCA 2002). This rule is applicable where the defendant initially pleaded, the sentence was set aside by the trial court as an illegal sentence, and the defendant was then resentenced by a successor judge. See id. at 1181-82. In Clemons, we held that "[b]ecause the record [did] not demonstrate that resentencing by the successor judge was necessary, the substitution was not proper under rule 3.700[(1)(c)]." 816 So.2d at 1182. We therefore reversed and remanded for resentencing in accordance with rule 3.700(c)(1). Id.

889 So.2d at 936-37 (alteration in original).
For the same reasons explained in Clemons, Horne was improperly resentenced by a successor judge. Trial counsel did not preserve this issue for appellate review; however, appellate counsel could have preserved the issue by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) in the trial court. See Hakkenberg, 889 So.2d at 937 (citing Snyder v. State, 870 So.2d 140, 143 (Fla. 2d DCA 2004); Persaud v. State, 821 So.2d 411, 413 (Fla. 2d DCA 2002)).[1] "Appellate counsel's failure to preserve the sentencing error... for review by neglecting to file a rule 3.800(b)(2) motion in the trial court constitutes ineffective assistance of appellate *1013 counsel. See Gisi v. State, 848 So.2d 1278, 1282 (Fla. 2d DCA 2003)." Hakkenberg, 889 So.2d at 937.
Had appellate counsel preserved the issue of Horne's improper resentencing by filing a rule 3.800(b)(2) motion and then raised this issue on direct appeal, we would have been compelled to reverse the sentences and remand for resentencing. See id. Because a new appeal would be redundant in this case, we reverse Horne's sentences and remand for resentencing in accordance with rule 3.700(c)(1). See id.
The petition is denied in part and granted in part.
DAVIS and LaROSE, JJ., Concur.
NOTES
[1] Persaud issued before the notice of appeal was filed in Horne, and it was available to appellate counsel.