950 So.2d 516 (2007)
Eugene YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1369.
District Court of Appeal of Florida, Second District.
March 14, 2007.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Bill McCullom, Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
In this appeal of his convictions and sentences in two cases, Eugene Young argues that the trial court erred in sentencing him and in denying his motion to withdraw plea. We agree and reverse.
In circuit court case number 04-05504-CFANO, Young was charged with failure to appear. In circuit court case number 04-05554-CFANO, Young was charged with possession of cocaine and misdemeanor possession of marijuana. He appeared before Judge Federico in both cases and pleaded guilty. Judge Federico granted Young a two-week furlough upon the condition that if he appeared for sentencing and did not get arrested while on furlough, the judge would sentence him to concurrent terms of 31.5 months in prison. However, if he failed to appear or got arrested, the judge would sentence him up to ten years in prison.
Young failed to appear and got arrested for robbery, which resulted in his also being charged with another count of failure to appear. Sentencing was held before Judge Luce who, after familiarizing himself with the facts and Young's previously-entered plea, sentenced Young to consecutive five-year prison terms, with time served on the marijuana possession charge. Young filed a notice of appeal on March 22, 2006.
On March 27, 2006, Young filed a motion to withdraw his plea. Judge Luce summarily denied the motion.
Thereafter, Young filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) alleging that because Judge Federico *517 was still on the bench and available to conduct his sentencing, it was error for Judge Luce to have sentenced him. This motion was denied by the court's failure to rule on it. Fla. R.Crim. P. 3.800(b)(1)(B).
In this appeal, Young argues that because he filed his motion to withdraw plea after he filed the notice of appeal, the trial court should have dismissed the motion for lack of jurisdiction rather than denying it. We agree. See Mingo v. State, 914 So.2d 1070 (Fla. 2d DCA 2005).
Young also argues that Judge Luce erred in sentencing him when no necessity was shown for a judge other than the judge who accepted his plea to sentence him. See Fla. R.Crim. P. 3.700(c)(1). Although the State notes that defense counsel stated at sentencing before Judge Luce that Young had failed to appear for his original sentencing and was a recent transfer to Judge Luce's division, this is not a showing that it was necessary for Judge Luce rather than Judge Federico to sentence Young. See Clemons v. State, 816 So.2d 1180 (Fla. 2d DCA 2002) (holding that reassignment of judge who took Clemons' plea to civil division did not meet necessity requirement of rule 3.700(c)(1)).
Accordingly, we reverse Young's sentences and remand for resentencing by Judge Federico unless necessity is shown for a successor judge to be assigned to sentence Young. See Fla. R.Crim. P. 3.700(c)(1). We also reverse the order denying Young's motion to withdraw plea and remand with directions that the trial court enter an order dismissing the motion for lack of jurisdiction.
Reversed and remanded with directions.
ALTENBERND and NORTHCUTT, JJ., Concur.