WARNER, J.
Petitioner Arthur Ross brings this petition alleging ineffective assistance of appellate counsel for counsel’s failure to challenge his resentencing by a successor judge. Ross alleges that the successor judge did not comply with the requirements of Florida Rule of Criminal Proce *443 dure 3.700(c)(1) in that the judge did not sufficiently familiarize himself with the facts of the case before passing sentence. Ross claims that appellate counsel should have filed a rule 3.800(b)(2) motion to preserve this error.[1] We deny the petition as we conclude that appellate counsel was not ineffective for failing to challenge the re-sentencing judge, as the successor judge reviewed the file, obtained the guidelines scoresheet, and most importantly, reviewed the plea agreement before imposing the sentence.
Ross was originally sentenced pursuant to a plea agreement for two counts of burglary, two counts of grand theft, and various other charges. He received concurrent sentences on all charges, the longest being fifteen years for the burglary charges. The trial court sentenced him as a prison releasee reoffender. On postcon-viction relief, this court determined that he did not qualify as a PRR and remanded for a non-PRR sentence. See Ross v. State, 901 So.2d 252 (Fla. 4th DCA 2005). At resentencing, both the state and the defense agreed that the original plea agreement called for fifteen-year sentences for the burglary charges with all sentences running concurrently. Ross asked for a lower sentence, because he had turned his life around in prison. The original trial judge had retired, so a successor judge sentenced Ross in accordance with the plea agreement.
The new sentence was appealed, and appellate counsel filed an Anders brief on the resentencing. Ross filed his own brief, claiming that the successor judge had not sufficiently familiarized himself with the case prior to the resentencing. This court affirmed.
In this petition, Ross claims appellate counsel was ineffective for failing to preserve his contention that the successor judge should have reviewed the transcript of the original sentencing proceeding before imposing sentence. There is no showing that this transcript was available to the successor judge. Nevertheless, just as reviewing the complete transcript of a trial is not mandatory, see Watson v. State, 820 So.2d 1057 (Fla. 4th DCA 2002), so too we believe that review of the prior sentencing hearing is not mandatory. What is essential is for the successor judge to be sufficiently familiar with the case so that the imposition of a sentence is his or her act of independent judgment, not mere reliance on the decision of the original judge. See, e.g., Persaud v. State, 821 So.2d 411 (Fla. 2d DCA 2002). Ross’ insistence that the successor judge look to the intent of the original sentencing judge in imposing a sentence is the exact opposite of what is required by rule 3.700(c)(1).
While the successor judge did impose the same sentence that the prior judge imposed, he expressed an intent to follow the freely negotiated plea agreement, not merely impose the will of the original sentencing judge. He imposed the sentence that Ross had agreed to in the plea agreement, which included the state’s agreement to have all sentences run concurrently, rather than consecutively. This reduced his sentence from a possible term of forty-five years to a term of fifteen years.
On this record, petitioner’s claim of ineffective appellate counsel fails. We therefore deny the petition.
KLEIN and GROSS, JJ., concur.

. See, e.g., Snyder v. State, 870 So.2d 140 (Fla. 2d DCA 2004) (defendant preserved objection to successor judge through rule 3.800(b) motion).