970 So.2d 468 (2007)
Michael Grant KRAMER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3583.
District Court of Appeal of Florida, Second District.
December 12, 2007.
*469 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Michael Grant Kramer appeals two judgments and sentences that adjudicated him guilty of grand theft of a motor vehicle, driving while license suspended as a habitual traffic offender, providing a false name to a law enforcement officer, and resisting arrest without violence. Mr. Kramer entered an open plea of guilty to the charges before Judge Lauren C. Laughlin, and sentencing was deferred to a later date. Thereafter, Judge Laughlin was apparently transferred to another division of the circuit court and Mr. Kramer's case was assigned to Judge Robert J. Morris, Jr., who granted Mr. Kramer a series of continuances to prepare his arguments for a downward departure sentence. Ultimately, Judge Morris sentenced Mr. Kramer to 37.8 months in prison, the minimum sentence required by the guidelines for grand theft of a motor vehicle, and to a consecutive term of five years' probation for driving while his license was suspended as a habitual traffic offender. The remaining offenses resulted in sentences of time served.
On appeal, Mr. Kramer argues only that his sentences must be reversed pursuant to Florida Rule of Criminal Procedure 3.700(c)(1) because Judge Laughlin accepted his plea and therefore had to preside at the imposition of the sentences unless there was a showing that a substitution of judges was necessary. Although Mr. Kramer did not object to Judge Morris presiding at his various sentencing hearings, Mr. Kramer preserved this argument by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Judge Laughlin considered this motion and denied it, reasoning in part that there was no need for her to conduct the sentencing hearing when she knew little about the case, having simply accepted Mr. Kramer's plea. We reverse.
Mr. Kramer correctly notes that the reassignment of a judge to a different division does not make sentencing by a successor judge necessary under rule 3.700(c)(1). See Clemons v. State, 816 So.2d 1180, 1182 (Fla. 2d DCA 2002). Further, the rule applies equally to a judge who accepts a plea and therefore may know very little about the facts of the case as well as to a judge who presides at a trial and becomes intimately familiar with the details of the crimes. See Fla. R.Crim. P. 3.700(c)(1); Madrigal v. State, 683 So.2d 1093, 1096-97 (Fla. 4th DCA *470 1996).[1] It was therefore error for a successor judge to proceed with Mr. Kramer's sentencing and error to deny the rule 3.800(b)(2) motion raising this issue. See Young v. State, 950 So.2d 516 (Fla. 2d DCA 2007); Lopez v. State, 905 So.2d 1045 (Fla. 2d DCA 2005); Snyder v. State, 870 So.2d 140 (Fla. 2d DCA 2004); cf. Horne v. State, 918 So.2d 1011 (Fla. 2d DCA 2006) (granting petition alleging ineffective assistance of appellate counsel where appellate counsel failed to file a rule 3.800(b)(2) motion challenging a violation of rule 3.700(c)(1)); Hakkenberg v. State, 889 So.2d 935 (Fla. 2d DCA 2004) (same).[2] We therefore reverse the sentences imposed and remand for resentencing before Judge Laughlin, at least in the absence of a showing that it is necessary for another judge to preside at sentencing.
Judgments affirmed; sentences reversed and remanded for resentencing.
SALCINES and VILLANTI, JJ., Concur.
NOTES
[1] It is noteworthy that Judge Morris fully acquainted himself with the facts of this case. We are reversing this sentence, which is a bottom-of-the-guidelines sentence, only because of the case law interpreting the word "necessary" in Florida Rule of Criminal Procedure 3.700(c)(1). We question whether the language of this rule establishes the best policy for sentencing at this time, or whether a defendant who wishes to assure a specific judge at a delayed sentencing hearing following a plea should be required to condition the plea expressly on that right.
[2] In Scott v. State, 909 So.2d 364, 369 (Fla. 5th DCA 2005), the Fifth District posited that if rule 3.700(c)(1) applied in a probation revocation context, a violation of the rule should be preserved by a contemporaneous objection and not by a later motion filed pursuant to rule 3.800(b). See also Griffin v. State, 946 So.2d 610, 613 (Fla. 2d DCA 2007), review granted, 961 So.2d 933 (Fla.2007) (noting that rule 3.800(b) was not intended to circumvent rules requiring contemporaneous objections or enforcing principles of waiver). There may be some merit to this position, but this court has previously corrected the error when preserved by a motion to correct sentence under rule 3.800(b). See, e.g., Young, 950 So.2d at 516-17.