KELLY, Judge.
 

 Chad Pifer challenges the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand because the postconviction court should have considered his motion as if it were filed pursuant to Florida Rule of Criminal Procedure 3.850.
 

 Pifer pleaded guilty to the offenses charged in eighteen separate cases and was sentenced to twelve years’ incarceration to be followed by ten years’ drug offender probation. In his rule 3.800(a) motion, Pifer alleged that his sentence was illegal because it exceeded the eighteen-year sentencing cap specified in his plea agreement. The postconviction court denied the motion on the ground that Pifer’s claim was not cognizable under rule 3.800(a) and must instead be raised through a timely motion to withdraw the plea.
 
 See Williams v. State,
 
 873 So.2d 1248 (Fla. 5th DCA 2004). The court further found that even if Pifer’s motion were construed as a motion to withdraw plea, it would be denied as untimely.
 

 
 *1155
 
 Pifer’s claim that his sentence exceeds the terms of his plea agreement is facially sufficient and cognizable under rule 8.850.
 
 See Hettick v. State,
 
 977 So.2d 797, 798 (Fla. 2d DCA 2008) (citing
 
 Dellofano v. State,
 
 946 So.2d 127, 129 (Fla. 5th DCA 2007) (Lawson, J., concurring specially) (observing that because there is no procedure in the Florida Rules of Criminal Procedure for a “motion to enforce plea agreement,” the only avenue available to the movant is to file a claim pursuant to rule 3.850)). Because Pifer’s motion was properly sworn and filed within the time limitations of rule 3.850, the postconviction court should have treated it as a motion filed pursuant to that rule.
 
 See Riviere v. State,
 
 965 So.2d 845 (Fla. 2d DCA 2007). Accordingly, we reverse the postconviction court’s order and remand for reconsideration pursuant to rule 3.850. If the court denies the motion, it must attach portions of the record that conclusively refute Pi-fer’s claim.
 

 Reversed and remanded.
 

 CASANUEVA and SILBERMAN, JJ., Concur.