NORTHCUTT, Judge.
Maurice Lawson challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, without comment, the denial of ground one of the motion. Because Lawson was illegally sentenced in excess of the statutory máxi-mums for the offenses in question, we reverse the denial of ground two, and we remand for resentencing.
Lawson was convicted after a jury trial of two counts of sexual battery in violation of section 794.011(5), Florida Statutes (1993), and one count of committing a lewd and lascivious act in violation of section 800.04(2), Florida Statutes (1993). All three offenses are second-degree felonies punishable by a maximum of fifteen years in prison. § 775.082(3)(c), Fla. Stat. (1993). Lawson was sentenced to ten years’ prison followed by five years’ probation concurrent on each count. Following his release from prison, the trial court twice adjudicated Lawson guilty of violating probation. On the third violation, the trial court revoked Lawson’s probation on all three counts and orally sentenced him to twenty-two years’ prison, which was the bottom of the recommended range under the sentencing guidelines. The trial court, at the sentencing hearing, did not specify how the overall twenty-two-year prison sentence was to be structured in relation to the three offenses. However, the written sentences, which were signed by the trial court, imposed a sentence of twenty-two years’ prison on each count, with the sentences running concurrently.
In ground two of the motion, Lawson alleged that his sentences on all three counts are illegal because they exceed the statutory maximum for a second-degree felony. Prior to January 1, 1994, a trial court could not impose a guidelines sentence that went beyond the statutory maximum for the offense in question. Mays v. State, 717 So.2d 515, 516 (Fla.1998). Thus, although the overall sentence of twenty-two years’ prison that was orally imposed by the trial court at the sentencing hearing was not illegal, the written sentences are illegal because they are in excess of the statutory maximum. We therefore reverse the postconviction court’s denial of ground two of the motion and vacate the written sentences. On remand, the trial court[1] may reimpose the overall sentence of twenty-two years’ prison by structuring consecutive sentences that are within the statutory maximum for a second-degree felony. See McClain v. State, 633 So.2d 1131 (Fla. 3d DCA 1994). As it did previously, the trial court shall award jail credit and prior prison credit.
Affirmed in part, reversed in part, and remanded.
VILLANTI and LaROSE, JJ., Concur.

. Absent a showing that it is necessary for another judge to preside at sentencing, the same judge that revoked Lawson’s probation and imposed the overall twenty-two-year prison sentence shall resentence Lawson. See Kramer v. State, 970 So.2d 468 (Fla. 2d DCA 2007); Fla. R. Crim. P. 3.700(c)(1).