KHOUZAM, Judge.
 

 Chad Pifer appeals an order denying his claims for postconviction relief. He also challenges his resentencing on remand.
 
 [1]
 
 We affirm, but we write to address an issue that was raised in the trial court by way of a motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The issue involves Pifer’s resentencing, on remand, by a suc
 
 *227
 
 cessor judge without a showing that a substitution of judges was necessary.
 

 In December 2005, Pifer entered a plea in eighteen separate cases involving burglary, dealing in stolen property, grand theft, possession of paraphernalia, and resisting arrest without violence. Pifer was adjudicated guilty and sentenced. The judgments and sentences were affirmed on appeal.
 
 Pifer v. State,
 
 951 So.2d 40 (Fla. 2d DCA 2007).
 

 In February 2008, Pifer filed a motion to correct illegal sentence, which was summarily denied. Pifer appealed the summary denial of his motion, and this court reversed and remanded for reconsideration.
 
 Pifer v. State,
 
 8 So.3d 1154 (Fla. 2d DCA 2009).
 
 [2]
 
 On remand, the postconviction court reconsidered Pifer’s claim as well as additional claims for postconviction relief that had been raised by Pifer. In October 2009, the postconviction court granted relief on the sentencing claim and the judge who presided over the postcon-viction claims also resentenced Pifer. This judge was not the judge who had accepted Pifer’s plea, but Pifer did not object to the successor judge presiding at his resentenc-ing hearing. The postconviction court otherwise denied relief on Pifer’s additional claims, including an ore tenus motion to withdraw the plea'that was made by Pifer’s counsel at the conclusion of the evidentiary hearing on Pifer’s postconviction claims.
 

 This appeal ensued. During the pen-dency of this appeal, Pifer filed a motion to correct sentencing error pursuant to rule 8.800(b)(2). In the motion, Pifer did not assert a specific error in the corrected sentencing order that was entered on remand. Rather, Pifer challenged only the fact that he was resentenced by a successor judge without the showing of necessity required by Florida Rule of Criminal Procedure 3.700(c)(1). The judge who resen-tenced Pifer denied his rule 3.800(b)(2) motion in a lengthy order explaining that she had more recent familiarity with Pi-fer’s cases than did the judge who original ly sentenced Pifer and that Pifer had an opportunity to object before resentencing but failed to do so.
 

 On appeal, Pifer argues that the post-conviction court erred in denying the ore tenus motion to withdraw plea and also that he must be afforded a new sentencing hearing because he was resentenced by a successor judge without a showing that a substitution of judges was necessary. We affirm the denial of the motion to withdraw plea without further discussion.
 

 We also affirm on the issue concerning Pifer’s resentencing by a successor judge. Our decision on this issue turns on whether resentencing by the successor judge is a sentencing error as contemplated by rule 3.800(b)(2). Although Pifer raised this issue in a rule 3.800(b)(2) motion, he did not contemporaneously object to resentencing by the successor judge. In fact, during the resentencing hearing the judge asked all the attorneys if they wanted to make any additional arguments concerning resentencing and asked Pifer if he wished to say anything before she pronounced the sentence, and neither defense counsel nor Pifer expressed any concern about the successor judge presiding over resentencing.
 

 If resentencing by á successor judge without a showing of necessity is a “sentencing error,” the error can be preserved by a rule 3.800(b)(2) motion. If it is not, absent a proper objection,'this court may
 
 *228
 
 review the issue only for fundamental error.
 

 Explaining that. “[a]ppellate courts have disagreed on what kind of errors constitute ‘sentencing errors’ subject to [rule 3.800(b) ],” the supreme court has provided a framework for determining whether a particular error constitutes a sentencing error.
 
 Jackson v. State,
 
 983 So.2d 562, 569 (Fla.2008). Under
 
 Jackson,
 
 “ ‘a “sentencing error” that can be preserved under rule 3.800(b)(2) is an error in the sentence itself — not any error that might conceivably occur during a sentencing hearing.’”
 
 Id.
 
 at 573 (quoting
 
 Jackson v. State,
 
 952 So.2d 613, 616 (Fla. 2d DCA 2007) (Stringer, J., specially concurring)). Rule 3.800(b) “may be used to correct and preserve for appeal any error in an order entered as a result of the sentencing process — that is, orders related to the sanctions imposed.”
 
 Jackson,
 
 983 So.2d at 574. However, á claim of error in the sentencing process is not cognizable in a motion under rule 3.800(b).
 
 See id.
 

 Here, the resentencing by a successor judge without a showing of necessity,
 
 if
 
 error at all, was an error in the sentencing process, not in the sentencing order. As such, Pifer’s rule 3.800(b)(2) motion could not preserve this claim of error. It can be reviewed only for fundamental error.
 
 See Jackson,
 
 983 So.2d at 568-69.
 

 “‘[F]or an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process.’”
 
 Hopkins v. State,
 
 632 So.2d 1372, 1374 (Fla.1994) (alteration in original) (quoting
 
 State v. Johnson,
 
 616 So.2d 1, 3 (Fla.1993)). Pifer has not established that the resentencing process, which was conducted by the successor judge, was equivalent to a denial of due process. Furthermore, this resentencing process did not offend a fundamental constitutional right that would mandate reversal without regard to its effect on the outcome.
 
 See, e.g., Jackson,
 
 983 So.2d at 576.
 

 We thus affirm on this issue because we find that Pifer did not adequately preserve this issue and fundamental error did not occur.
 

 In reaching this conclusion, we are mindful that this court has previously considered such a claim cognizable under rule 3.800(b)(2).
 
 See Boyd v. State,
 
 988 So.2d 1242, 1245 (Fla. 2d DCA 2008);
 
 Kramer v. State,
 
 970 So.2d 468 (Fla. 2d DCA 2007);
 
 Young v. State,
 
 950 So.2d 516 (Fla. 2d DCA 2007);
 
 Lopez v. State,
 
 905 So.2d 1045 (Fla. 2d DCA 2005);
 
 Snyder v. State,
 
 870 So.2d 140 (Fla. 2d DCA 2004);
 
 Persaud v. State,
 
 821 So.2d 411,
 
 413
 
 (Fla. 2d DCA 2002);
 
 see also Horne v. State,
 
 918 So.2d 1011 (Fla. 2d DCA 2006) (granting petition alleging ineffective assistance of appellate counsel where appellate counsel failed to file a rule 3.800(b)(2) motion challenging a violation of rule 3.700(c)(1));
 
 Hakkenberg v. State,
 
 889 So.2d 935 (Fla. 2d DCA 2004) (same). However, these cases did not address the supreme court’s
 
 Jackson
 
 decision, in which it clarified the scope of rule 3.800(b). To the extent that our prior decisions determined that a claim of error with respect to resentencing by a successor judge in violation of rule 3.700(c)(1) could be preserved by a rule 3.800(b)(2) motion, they are inconsistent with the principles set forth by the supreme court in
 
 Jackson,
 
 which we are bound to follow.
 

 Affirmed.
 

 LaROSE and CRENSHAW, JJ., Concur.
 

 [1]
 

 .
 
 Pifer v. State,
 
 8 So.3d 1154 (Fla. 2d DCA 2009) (reversing and remanding summary denial of Pifer’s claim that his sentence of twelve years' incarceration to be followed by ten years’ drug offender probation exceeded the eighteen-year sentencing cap specified in his plea agreement).
 

 [2]
 

 . This motion concerned the sentence imposed in only one of the eighteen cases (case number 2005-CF-2488).