PER CURIAM.
Appellant raises two points in his appeal from his plea of nolo contendere to burglary and to possession of a controlled substance. In entering his plea, appellant specifically reserved his right to appeal the denial of his motion to suppress certain evidence. The denial of the motion to suppress was proper, and we affirm on that point.
As a second point, appellant challenges his sentencing by a judge other than the judge who accepted his plea. In support of that point, appellant relies upon Lawley v. State, 377 So.2d 824 (Fla. 1st DCA 1979), and Florida Rule of Criminal Procedure 3.700(c). In Lawley, this Court reversed and remanded for resentencing when a judge other than the trial judge sentenced the defendant. The Lawley decision emphasized the fact that Rule 3.700(c) provides for sentencing by a judge other than the one who heard the trial “[i]n those cases where it is necessary that sentence be pronounced by a judge other than the judge who presided at trial.” The court noted that the committee notes following the rule “makes provision for emergency situations where [the trial] judge is unavailable.” The court concluded that “a judge other than the trial judge should not exercise discretion as to sentencing absent an emergency that necessitates such a variance from the normal practice” and thereupon remanded for resentencing by the trial judge.
The Lawley decision is not controlling as this case involves only a plea and no trial, and appellant has made no showing that he has been prejudiced by the substitution. The transcript shows no reason why a substitute judge who has made himself thoroughly familiar with the case file would not be as well qualified to handle the sentencing as the judge who had merely accepted the plea but who had not been exposed to a trial in the case. Therefore, we decline to extend to the facts of this case the Lawley requirement that a finding of emergency must be shown pursuant to Rule 3.700(c) before substitution of the sentencing judge can be deemed proper.
AFFIRMED.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.