446 So.2d 1088 (1984)
Danny Ray LESTER, a/K/a Steven Stacey, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1775.
District Court of Appeal of Florida, Second District.
January 25, 1984.
Rehearing Denied March 14, 1984.
Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
*1089 PER CURIAM.
We affirm the trial court's revocation of appellant's probation and appellant's sentence following appellant's admission of a probation violation.
Appellant contends that it was error for a judge who was not the judge who accepted appellant's nolo contendere plea to robbery and aggravated battery charges to revoke the probation which appellant had been given on those charges and to then sentence appellant. Appellant cites Florida Rule of Criminal Procedure 3.700 and Lawley v. State, 377 So.2d 824 (Fla. 1st DCA 1979), for the proposition that it is reversible error for a judge, other than the trial judge, to sentence a defendant where there is no emergency reason for the substitution of judges.
We disagree with appellant's contention. Although the judge who revoked appellant's probation (hereinafter called the first judge) and then sentenced appellant was not the same judge who had accepted appellant's nolo contendere plea to robbery and aggravated battery, the record shows that he was the first judge who dealt with the matters out of which the probation revocation arose. Prior to the pleas on robbery and aggravated battery before another judge (hereinafter called the second judge), appellant had pleaded guilty before the first judge to possession of barbituates and had received three years probation. Three years probation was thereafter imposed by the second judge, to run concurrently with the earlier probation. After that there was no further involvement by the second judge, and the first judge, prior to revoking appellant's probation, received appellant's plea to a charge of DWI and modified appellant's concurrent, three-year probation terms to five-year concurrent probation terms. Under those circumstances the first judge, the judge who revoked appellant's probation and about whose sentencing appellant now complains, was the judge by far the most involved with the subject matter. Also, it does not appear that appellant has raised any contention of error when the first judge modified the three-year probation term fixed by the second judge. It is actually the revocation of that modified probation as to which appellant now complains. As explained above, the first judge was the judge who had both imposed the modified probation and who revoked that probation.
Mobley v. State, 407 So.2d 1037 (Fla. 1st DCA 1981), holds that after a defendant enters a nolo contendere plea to a charge, the sentencing judge need not be the judge who accepted the plea. The Mobley rationale is generally applicable here. The record shows that the first judge familiarized himself with the robbery and aggravated battery matters. We believe that under the circumstances it was necessary and appropriate that the first judge preside over the probation revocation. Judicial administration would have been ill-served otherwise, and defendant has shown no prejudice.
Appellant's other contention is without merit.
AFFIRMED.
SCHEB and LEHAN, JJ., concur.
GRIMES, A.C.J., concurs specially.
GRIMES, Acting Chief Judge, concurring specially.
Florida Rule of Criminal Procedure 3.700(c) as construed in Lawley v. State contemplates that, except in emergency situations, a sentence shall be imposed by the trial judge or the judge who accepted the plea. However, where a judge has placed the defendant on probation and the probation is later revoked by another judge, I do not believe the rule demands that the first judge conduct sentencing even though upon revocation the defendant is technically being convicted of the original offense. The obvious purpose of the rule is to assure that the judge most familiar with the defendant will conduct the sentencing. The original judge would not have chosen probation unless he felt at that time that the defendant warranted being placed in such a status. When the defendant violates his probation the circumstances have *1090 changed, and the judge who presided at the revocation hearing knows more about the defendant's current status than the original judge. Aside from the administrative nightmare of recalling judges who may have been transferred to other divisions, to require the original trial judge to conduct sentencing after a probation revocation would violate the spirit of the rule.

ON MOTION FOR REHEARING
PER CURIAM.
The following paragraphs are substituted for the third and fourth paragraphs in our prior opinion filed January 25, 1984:
We disagree with appellant's contention. Although the judge who revoked appellant's probation (hereinafter called the second judge) and then sentenced appellant was not the same judge who had accepted appellant's nolo contendere plea to robbery and aggravated battery, the record shows that he was most familiar with the matters out of which the probation revocation arose. After the pleas on robbery and aggravated battery before another judge (hereinafter called the first judge), who sentenced appellant to three years probation, there was no further involvement by the first judge. Appellant thereafter pleaded guilty before the second judge to possession of barbiturates and received three years probation to run concurrently with the earlier probation. Then the second judge, prior to revoking appellant's probation which is the subject of this appeal, received appellant's plea to a charge of DWI and modified appellant's concurrent, three-year probation terms to five-year concurrent probation terms. Under those circumstances the second judge, the judge who revoked appellant's probation and about whose sentencing appellant now complains, was the judge by far the most involved with the subject matter. Also, it does not appear that appellant raised any contention of error when the second judge modified the three-year probation term fixed by the first judge. It is actually the revocation of that modified probation as to which appellant now complains. As explained above, the second judge was the judge who had both imposed the modified probation and who revoked that probation.
Mobley v. State, 407 So.2d 1037 (Fla. 1st DCA 1981), holds that after a defendant enters a nolo contendere plea to a charge, the sentencing judge need not be the judge who accepted the plea. The Mobley rationale is generally applicable here. The record shows that the second judge familiarized himself with the robbery and aggravated battery matters. We believe that under the circumstances it was necessary and appropriate that the second judge preside over the probation revocation. Judicial administration would have been ill-served otherwise, and defendant has shown no prejudice.
Appellant's motion for rehearing is denied.
GRIMES, A.C.J., and SCHEB and LEHAN, JJ., concur.