FRANK, Acting Chief Judge.
Ronnie B. Troupe pleaded no contest to second degree murder but now contends that his sentence was imposed unlawfully by a judge who succeeded the judge who accepted his plea. We find no error, however, in the sentencing procedure. At sentencing the successor judge reviewed pertinent portions of the plea hearing. Neither Troupe nor his attorney objected to the sentencing, and Troupe has demonstrated no prejudice. See Mobley v. State, 407 So.2d 1037 (Fla. 1st DCA 1981).
Troupe also claims that he was not given the opportunity to object to the amount of attorneys’ fees imposed upon him. A defendant must be informed of his right to contest the amount of attorneys’ fees if a trial court awards them to a public defender. This matter is therefore remanded, and Troupe shall be given thirty days from the date of the mandate within which to file a written objection to the assessed amount. If the state files an objection with the trial court, Troupe is entitled to a new hearing at which he may contest the amount of the fee. Williams v. State, 655 So.2d 1205 (Fla. 2d DCA 1995); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
As a final matter, we strike the $2.00 cost imposed pursuant to section 943.25(13), Florida Statutes (1993). Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
Judgment and sentence affirmed, the $2.00 cost is stricken, and we remand for further proceedings not inconsistent with this opinion.
LAZZARA and QUINCE, JJ., concur.