910 So.2d 890 (2005)
Lance S. LAMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1297.
District Court of Appeal of Florida, First District.
September 2, 2005.
Ross A. Keene, Pensacola, for Appellant.
Charlie Crist, Attorney General, A. Miréille Fall and Thomas D. Winokur, Assistant Attorneys General, Tallahassee, for Appellee.
ALLEN, J.
The appellant in this direct criminal appeal challenges the sentence imposed following the revocation of his probation. Relying upon Florida Rule of Criminal Procedure 3.700(c), he claims that the judge who accepted his earlier plea and imposed probation should also have presided over the violation of probation proceedings. Although rule 3.700(c) directs, absent extraordinary circumstances, that the sentence following a trial or plea should be pronounced by the judge who presided at trial or accepted the plea, we affirm the sentence under review because we conclude that the rule does not extend to subsequent violation of probation proceedings and pronouncement of sentence following revocation of probation.
In January 2002, following a guilty plea, the appellant was convicted of various offenses and sentenced to one year of community control followed by four years on probation. Almost two years later, the appellant was charged with violating his probation, and he then appeared before a different judge than the judge who had accepted his plea and imposed his underlying sentence. The appellant requested that the proceedings be transferred to the original judge, asserting that such a transfer was required under rule 3.700(c) because there was no indication that it was necessary for a different judge to impose sentence. Noting that the original judge had been transferred from the criminal division to the family law division some twenty-two months earlier, the successor judge denied the request and thereafter accepted the appellant's admission that he had committed a violation of probation. The successor judge revoked the appellant's probation and imposed a prison sentence.
Rule 3.700 provides, in relevant part:
(c) Sentencing Judge.
(1) Noncapital Cases. In any case, other than a capital case, in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted *891 with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.
According to the committee notes, subsection (c) was added to "emphasize that the sentencing procedure should be conducted by the trial judge or the judge taking the plea."
Although violation of probation proceedings involve a revisitation of the original sentencing decision, we do not believe that rule 3.700(c) was intended to encompass subsequent violation of probation proceedings, which require consideration of events occurring after the initial sentence has been imposed and which are often conducted years after the initial sentencing decision. There is obvious merit in a rule requiring that the judge who has recently presided at a defendant's trial, or even the judge who has recently accepted a defendant's plea, also preside during the initial sentencing of that defendant. That judge has recent personal knowledge of the circumstances of the crime and might also have recently acquired additional information relevant to the initial sentencing decision. But when significant subsequent events impacting the ultimate sentencing decision have transpired and the passage of time has likely deprived the initial sentencing judge of recollection of the specifics of his or her earlier sentencing decision, there would seem to be little benefit in a rule that would require recall of the original sentencing judge for violation of probation proceedings.[1]
Our interpretation of the rule is also influenced by our recognition that a uniform requirement that original sentencing judges be recalled for violation of probation proceedings would be an "administrative nightmare." See Lester v. State, 446 So.2d 1088, 1090 (Fla. 2d DCA 1984) (Grimes, J., concurring specially). Most Florida trial judges are routinely reassigned from one division to another, and they are often reassigned from one county to another. In fact, the original sentencing judge in the present case had been reassigned from a criminal division and into the family law division almost two years prior to the initiation of the appellant's violation of probation proceedings. The inefficiency, disruption, and delay that would be visited upon the litigants and personnel within a division to which an original sentencing judge had later been reassigned would be dramatic if that judge were required to temporarily return to the earlier criminal-division assignment each time violation of probation proceedings were initiated against a defendant the judge had placed on probation.[2] We do not believe that rule 3.700(c) was intended to require such a result.
AFFIRMED.
WOLF and BENTON, JJ., concur.
NOTES
[1] Our observations regarding a trial judge's inability to recall the specifics of sentencing decisions made many months or years earlier are merely a recognition of the reality of modern-day criminal dockets. A trial judge assigned to a criminal division presides over scores of trials, accepts hundreds of pleas, and pronounces hundreds of sentences in the course of a year. This volume makes it unlikely that a judge would long remember the specifics of most individual cases or sentencing decisions.
[2] Under the decisions construing rule 3.700(c), the mere reassignment of the original judge has not been considered sufficiently compelling to make it "necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea." See Clemons v. State, 816 So.2d 1180 (Fla. 2d DCA 2002).