939 So.2d 1168 (2006)
Ronald F. MURPHY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D04-2964, 4D04-4437.
District Court of Appeal of Florida, Fourth District.
October 25, 2006.
Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
When appellant was charged with violating probation, his case was heard by a judge who was not the judge who accepted his original plea of guilty. After the successor judge imposed a five year prison sentence, appellant appealed, and during the appeal appellant filed a rule 3.800(b)(2) motion to correct sentencing error, arguing for the first time that his being sentenced by a successor judge violated rule 3.700(c)(1), which provides:
Noncapital Cases. In any case, other than a capital case, in which it is necessary *1169 that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.
In Scott v. State, 909 So.2d 364 (Fla. 5th DCA 2005), rev. denied, 924 So.2d 810 (Fla.2006), the court concluded that the successor judge rule does not require the judge who presided over the trial or accepted the plea to sentence the defendant after a violation of probation. The court quoted from the concurring opinion of Judge Grimes in Lester v. State, 446 So.2d 1088, 1089-90 (Fla. 2d DCA 1984):
Florida Rule of Criminal Procedure 3.700(c) as construed in Lawley v. State [377 So.2d 824 (Fla. 1st DCA 1979) ] contemplates that, except in emergency situations, a sentence shall be imposed by the trial judge or the judge who accepted the plea. However, where a judge has placed the defendant on probation and the probation is later revoked by another judge, I do not believe the rule demands that the first judge conduct sentencing even though upon revocation the defendant is technically being convicted of the original offense. The obvious purpose of the rule is to assure that the judge most familiar with the defendant will conduct the sentencing. The original judge would not have chosen probation unless he felt at that time that the defendant warranted being placed in such a status. When the defendant violates his probation the circumstances have changed, and the judge who presided at the revocation hearing knows more about the defendant's current status than the original judge. Aside from the administrative nightmare of recalling judges who may have been transferred to other divisions, to require the original trial judge to conduct sentencing after a probation revocation would violate the spirit of the rule.
In Wilson v. State, 918 So.2d 446 (Fla. 4th DCA 2006), the defendant contended that there was a violation of rule 3.700 in regard to his sentence for a probation violation and we affirmed, citing Scott. We accordingly conclude that the rule does not apply in this case.
Appellant also timely moved to withdraw his plea under rule 3.170(l), and contends that the court erred in denying his motion without an evidentiary hearing. One of the grounds raised by appellant is that the court relied on an erroneous scoresheet and that he would not have pled if he had known the court would do so. This allegation, which may have merit, is not conclusively rebutted by the record. Simeton v. State, 734 So.2d 446 (Fla. 4th DCA 1999). We accordingly reverse and remand the summary denial of the motion to withdraw the plea.
We also agree with appellant that the trial court did not have jurisdiction to deny his pro se motion to correct sentencing error, filed under Florida Rule of Criminal Procedure 3.800(b)(1), because the order was entered more than sixty days after the filing of the motion. Brooks v. State, 867 So.2d 1276 (Fla. 4th DCA 2004).
WARNER and GROSS, JJ., concur.