LAGOA, Judge.
 

 Appellant, Ronald Lee Craig (“Craig”), appeals from the trial court’s denial of his petition for habeas corpus. For the following reasons, we affirm. However, because Craig had, and still has, numerous appeals pending before this Court, we find it necessary to discuss in detail the proce
 
 *2
 
 dural history of the various cases filed by Craig both below and in this Court.
 

 On December 15, 2000, Craig pled guilty to possession of cocaine with intent to sell, and providing a false name while under arrest. He was sentenced to one year of probation.
 

 On June 28, 2001, Craig was charged with the following: (1) aggravated stalking after entry of a domestic violence injunction; (2) violating provisions of the domestic violence injunction on four separate dates; and (3) tampering with a witness. On September 17, 2001, Craig pled no contest to these charges, in exchange for a sentence of two years of community control.
 

 On December 5, 2003, the trial court found that Craig had violated his community control sentence and sentenced him to ten years in state prison to be served concurrently with credit for time served. This sentence was affirmed by this Court in
 
 Craig v. State,
 
 921 So.2d 37 (Fla. 3d DCA 2006),
 
 review denied,
 
 934 So.2d 449 (Fla.2006).
 

 On December 26, 2003, Craig filed a motion for post-conviction relief claiming that: (1) his plea was involuntary because he was impaired by medication; (2) the trial court misadvised him of his ability to take his “open” case to trial; (3) defense counsel was ineffective for failing to object to the trial court’s misadvice; (4) counsel was ineffective for failing to advise him of the consequences of his plea; (5) the written sentence did not conform to the oral pronouncement; and (6) the plea agreement was violated. The trial court denied the motion following a hearing in which both Craig and defense counsel testified. This Court affirmed the trial court’s finding.
 
 See Craig v. State,
 
 934 So.2d 523 (Fla. 3d DCA 2005),
 
 review denied,
 
 949 So.2d 197 (Fla.2007).
 

 On a motion for clarification, this Court noted that the State conceded a technical error and directed that Craig be resen-tenced to consecutive five-year sentences on the felony counts rather than concurrent ten-year sentences, which exceeded the statutory maximum for each individual felony.
 
 See Craig v. State,
 
 994 So.2d 321 (Fla. 3d DCA 2006).
 

 On November 2, 2006, the trial court resentenced Craig in compliance with this Court’s mandate. This Court granted Craig’s motion for belated appeal of the resentencing, which was based on Craig’s request for credit for jail time served after sentencing. On March 25, 2009, this Court affirmed the trial court’s order without prejudice for Craig to pursue his administrative remedies with the Department of Corrections.
 
 See Craig v. State,
 
 6 So.3d 96 (Fla. 3d DCA 2009).
 

 On May 20, 2005, Craig filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). In his motion, Craig claimed that when the trial court sentenced him on September 17, 2001, it sentenced him to “stalking,” but when the court subsequently revoked his community control on December 5, 2003, he was improperly sentenced for “aggravated stalking.” The trial court denied the motion, and this Court affirmed.
 
 See Craig v. State,
 
 923 So.2d 507 (Fla. 3d DCA 2006).
 

 Between February 22, 2005 and January 9, 2006, Craig also filed collateral attacks in the trial court, including a Motion to Compel Trial Court to Comply With Oral Pronouncement and Sentencing Plea, in which Craig complained that the ten-year sentence exceeded the five-year maximum, advised during his plea colloquy. Craig also filed, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), a motion for correction of sentence. In that motion, Craig asserted the following arguments:
 
 *3
 
 (1) that he pled no contest to misdemeanor stalking but was sentenced on felony aggravated stalking; (2) that the ten-year sentence exceeded the statutory maximum for a third-degree felony; and (3) that the ten-year sentence violated the terms of the plea agreement. On January 19, 2006, the trial court denied both motions, and this Court affirmed.
 
 See Craig v. State,
 
 973 So.2d 453 (Fla. 3d DCA 2007).
 

 On March 20, 2007, Craig filed a second Motion for Post-Conviction Relief, and on April 3, 2007, he filed a Motion to Supplement his second Postconviction Motion. Again, Craig alleged sentencing errors. The trial court denied both motions as being successive, untimely, or both. This Court affirmed the trial court’s orders.
 
 See Craig v. State,
 
 973 So.2d 1140 (Fla. 3d DCA 2007).
 

 On March 19, 2008, Craig filed an original Petition for Writ of Habeas Corpus based on ineffective assistance of appellate counsel. In that petition, Craig claimed that counsel on his direct appeal was ineffective for failing to address: (1) the denial of his right to trial; (2) improper resen-tencing by a “successor judge”; (3) that the sentence did not conform to the oral pronouncement; and (4) the ten year sentence exceeded the statutory maximum and did not conform with the oral pronouncement at the time of plea. This Court denied the petition.
 
 See Craig v. State,
 
 999 So.2d 654 (Fla. 3d DCA 2009).
 

 The appeal currently before this Court stems from Craig’s Petition for Habeas Corpus. In his petition, Craig alleges the following: (1) the trial court unconstitutionally refused to allow him to take his “open case” to trial; (2) Craig’s counsel at the original trial was complicit in the denial of his right to trial; and (3) there were various violations of procedural rules in his sentencing, including sentencing Craig to a sentence not orally pronounced, having his sentencing imposed by a “successor judge,” and that the judge who took the plea would not let his case go to trial. On February 12, 2008, the trial court denied the petition and this appeal followed.
 

 “The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to rule 3.850.”
 
 Baker v. State,
 
 878 So.2d 1236, 1245 (Fla.2004). Therefore, the trial court can treat the improper habeas corpus petition as the proper remedy, a Rule 3.850 Motion.
 
 See Valdez-Garcia v. State,
 
 965 So.2d 318 (Fla. 2d DCA 2007). Appellate courts will uphold the trial court’s denial of such motions if the claims presented are either facially invalid or conclusively refuted by the record.
 
 Kimbrough v. State,
 
 886 So.2d 965 (Fla.2004).
 

 In this case, the trial court concluded that Craig’s claims in his petition for habe-as corpus were successive and, therefore, denied them. Craig argues that the trial court erred in denying his petition as successive. We disagree. First, Craig claimed that when he pled no contest on September 17, 2001, the trial court improperly denied him the opportunity to take his case to “open court.” Craig, however, previously raised this argument in his first motion for postconviction relief, dated December 26, 2003, which the trial court denied on the merits following a hearing and this Court affirmed.
 
 See Craig,
 
 934 So.2d at 523.
 

 Second, Craig’s claim that his counsel for the September 17, 2001 plea colloquy was ineffective for failing to raise or preserve that issue is also without merit. Again, Craig raised this claim in his 2003 postconviction motion, which the trial court denied on the merits following a hearing and this Court affirmed.
 
 Id.
 

 
 *4
 
 Craig’s third and final claim contains the following three procedural arguments: (1) the December 5, 2003 sentence (imposed for violation of community control) did not conform to the sentence orally pronounced by the trial court that accepted his plea in 2001; (2) that he was improperly denied the right to trial; and (3) that he was improperly sentenced by a “successor judge.” These arguments are also without merit. Both the first and second procedural arguments are claims that have been previously resolved on the merits and affirmed by this Court, and the Florida Supreme Court.
 
 See Craig,
 
 934 So.2d at 523.
 
 [1]
 

 The only new claim raised in this appeal is the argument that Craig was improperly sentenced by a “successor judge” in violation of Florida Rule of Criminal Procedure Rule 3.700(c). Craig asserts no valid reason why this issue was not raised on direct appeal or in his first postconviction motion. As such, the issue is procedurally barred.
 
 See Riechmann v. State,
 
 966 So.2d 298, 305 (Fla.2007) (finding that “when a claim is raised in a successive motion, the mov-ant has the additional burden of demonstrating why the claim was not raised before”), ce
 
 rt. denied,
 
 — U.S. -, 129 S.Ct. 352, 172 L.Ed.2d 137 (2008).
 

 We find, even assuming arguendo, that the claim is not barred, it is without merit as Craig was initially sentenced after a hearing on the revocation of his probation. Several courts have held that rule 3.700(c) does not apply to revocation hearings.
 
 See Murphy v. State,
 
 939 So.2d 1168, 1169 (Fla. 4th DCA 2006) (“[T]he successor judge rule does not require the judge who presided over the trial or accepted the plea to sentence the defendant after a violation of probation.”);
 
 Lambert v. State,
 
 910 So.2d 890, 891 (Fla. 1st DCA 2005) (“[W]e do not believe that rule 3.700(c) was intended to encompass subsequent violation of probation proceedings, which require consideration of events occurring after the initial sentence has been imposed and which are often conducted years after the initial sentencing decision.”);
 
 Lester v. State,
 
 446 So.2d 1088, 1090 (Fla. 2d DCA 1984) (“[R]equir[ing] the original trial judge to conduct sentencing after a probation revocation would violate the spirit of the rule.”) (Grimes, A.C.J., concurring specially). We are persuaded by our sister courts and so hold that rule 3.700(c) does not apply to revocation hearings. Because Craig was sentenced to ten years following a revocation of probation, we conclude that rule 3.700(c) does not apply. As such, his sentence by a different judge is legally permissible.
 

 Affirmed.
 

 [1]
 

 . The sentence imposed on December 5, 2003 was for violation of community control in both Case Number F01-17951 and Case Number F00-37705. The record establishes that Craig knew this because he signed both agreements and initialed each of their provisions individually.